ALBANY,
October, 1835.

Shepard
v.
Rowe.

---

SHEPARD *vs.* ROWE & PETERS.

A *levy* by virtue of an execution upon *real estate*, is not a satisfaction of a judgment.

Where an execution is *issued*, and the defendant has *real estate* upon which a levy may be made, and the plaintiff subsequently commences an action upon the judgment, *it seems* the court, upon application, would stay the suit until a sale, and return of the execution.

DEMURRER to pleas. The plaintiff, in January, 1835, declared on a judgment obtained by him against the defendants, in the Chautauque common pleas, in June, 1834, for $109,71. The defendant pleaded, 1. Payment; 2. That on the 1st August, 1834, the plaintiff sued out a *fieri facias* upon the judgment, against the goods, chattels, lands, tenements, real estate, and chattels real, whereof the defendants were seized at the time of the docketing of the judgment, and delivered the same

to the sheriff of Chautauque ; and they averred that at the time of the docketing of the judgment, Peters, one of the defendants, was the owner in fee of lands, tenements and real estate, situate in the town of Poland, in the said county, *of the value of* $1000, upon which the said judgment is a lien ; and that for want of goods and chattels whereof to cause the money to be made, the sheriff *levied upon the said lands*, &c., and that he had not yet returned the said writ of *fieri facias*, and this, &c. wherefore, &c. ; 3. A plea similar to the last, except that no levy is stated, and that it contains the additional averment that the lands owned by Peters are of the value of $1000 *over and above all encumbrances*. To the two last pleas the plaintiff demurred.

*J. Wait*, for the plaintiff. A levy upon sufficient *goods and chattels* is a satisfaction. 12 *Johns. R.* 207. It is so deemed because the defendant is divested of his possession and control of the property; it is lost to him. Not so as to *real estate*. A seizure of land under a *fi. fa.* does not divest the estate of the debtor. 8 *Johns. R.* 520. It is not averred in the second plea that the levy was *sufficient to satisfy* the execution ; it states the value of the property, but not that it is free from encumbrances. It is admitted it would have been *irregular* to have withdrawn the *fi. fa.* and issued a *ca. sa.* after a levy, and the latter process would have been set aside by the court as oppressive ; but in an action of debt on the judgment, the simple inquiry is whether the debt has been satisfied. The third plea has the allegation that the property levied upon is *free from encumbrances*, but it does not aver a *levy*. If this be a good plea, then the mere fact of a judgment being a lien is a bar to an action upon such judgment.

*R. P. Marvin*, for the defendant. A levy upon sufficient *personal property* is, *per se*, a satisfaction of a judgment. 4 *Cowen*, 417. 7 *id.* 13 *and* 310. 12 *Johns. R.* 207. In some of the cases the levy is said to have been made on *property*, and it is not perceived that in any, a distinction is taken between *real* and *personal* property. The writ is as imperative

that the debt shall be made of the real as of the personal property. In *Cutler* v. *Culver*, 3 *Cowen*, 30, where a *fi. fa.* was withdrawn and a *ca. sa.* issued, it appearing that the defendant had real estate, although he had no personal property, and that the real estate had been pointed out to the sheriff, the court held that there had been a virtual levy of the *fi. fa.*; that its execution should have been completed; that it had been improperly withdrawn; and they therefore set aside the *ca. sa.* It has also been decided that a second *fi. fa.* cannot issue, until the first, if levied, be returned, unless to a county other than that to which the first issued. 5 *Cowen*, 417. A plaintiff should not be permitted to issue an execution, and at the same time prosecute a suit on the judgment; it is oppressive.

*By the Court*, NELSON, J. The second and third pleas are bad. A levy upon sufficient *personal property* to satisfy an execution is a satisfaction of the debt. 4 *Cowen*, 417. 1 *id.* 47, *n.* 12 *Johns. R.* 207. 4 *Mass. R.* 403. The reason given is, that by means of the levy the debtor is deprived of his property. It is not so in the case of a levy upon *real estate.* The debtor, notwithstanding the levy, holds the title and possession, and is in the enjoyment of the profits of the land. There is no satisfaction until sale. In the case of *Ladd* v. *Blunt*, 4 *Mass. R.* 402, it was for this reason decided that an *extent* of land was no satisfaction until the creditor was seized of the title, and his estate was not complete until the return of the process and delivery of seizin. Here the title cannot be affected until after the sale. It is. true that under the redemption act the title remains in the debtor until the expiration of 15 months, and until then he may retain possession; but the creditor realizes his money upon the sale, and the debtor loses the title and possession at the expiration of the 15 months, unless he redeems. It is a mere extension of credit to him. The defendant is not without a remedy, for the court, on application, would stay the suit on the judgment until the sale, and return of the execution. We cannot, however, allow the issuing and levy of an execution upon land to be *per se* an ex-

tinguishment of the judgment, when the defendant has not in fact suffered any loss, and the plaintiff has gained nothing beyond what he already had, by the lien of his judgment.

ALBANY,
October, 1835.

Shepard
v.
Rowe.

Judgment for plaintiff.

### END OF OCTOBER TERM.

NOTE. During the October term the Hon. JACOB SUTHERLAND, one of the Justices of this court, tendered his resignation, which was accepted.