JOHN GREGORY *et al.*, appellants, *v.* JAMES STARK *et al.*, appellees.

*Appeal from Morgan.*

The condition of a bond given upon appeal from a justice of the peace to the Circuit Court, is forfeited the moment judgment is recovered by the appellee, unless the amount thereof is immediately paid; and an action can be brought upon it at any time before that judgment is actually satisfied; and the appellee can take any legal steps to collect the judgment, which do not amount to an actual satisfaction of it, and not impair his right to sustain a suit on the bond.

A levy on real estate sufficient to satisfy a judgment, is not a satisfaction thereof; but a court, in its discretion, may, on application, stay proceedings in an action brought to recover the same debt, till the sale of the real estate, and the return of the execution.

THIS was an action of *debt* upon an appeal bond, entered into by Gregory and the other defendants, as his sureties, on an appeal from a justice of the peace to the Circuit Court of Morgan county. The defendants pleaded in bar to the action on the appeal bond, that before said action was commenced, an execution issued against said Gregory, upon the judgment which was previously obtained against said Gregory upon the trial of the appeal; that said execution had been levied by the sheriff of Morgan county, previously to the commencement of this action, upon certain real estate, the property of said Gregory; that said property was abundantly sufficient to satisfy the judgment against said Gregory; and that the levy remained undisposed of.

To this plea there was a demurrer, which was sustained by the Court, and judgment rendered for the plaintiffs for $178.06 debt, to be discharged by the payment of the damages assessed by the clerk, $108.74. The defendants appealed to this Court.

The cause was heard in the Morgan Circuit Court, at the March term, 1842, before the Hon. Samuel D. Lockwood.

The sustaining of the demurrer is assigned for error.

J. SHIELDS, J. C. CONKLING, and H. B. EVANS, for the appellants, cited 1 Blackf. 290–1; 1 Salk. 322; 12 Johns. 208; 2 Bac. Abr. 717, 720; 3 Cowen 30; 4 Cowen 417.

WM. THOMAS, for the appellees, cited 14 Wend. 261.

CATON, Justice, delivered the opinion of the Court:

The only question involved in this case is, whether the plea to which the demurrer was sustained by the Court below, showed a payment, satisfaction, or discharge of the judgment obtained by the defendants here against Gregory, set forth in the declaration, and for the payment of which, the bond, which is the foundation of this action, was given. If that judgment had not been paid, according

to the condition of the bond, the condition was forfeited, and the plaintiffs below could maintain their suit upon it. . If it had been, the obligation was satisfied, and this suit could not be sustained. The moment judgment was rendered in the appeal cause, unless the money was paid immediately, the condition of the bond was forfeited, and action could be brought upon it at any time before that judgment was actually satisfied.   The plaintiffs might take any legal steps to collect that judgment, which did not amount to an actual satisfaction of it, and not forfeit or impair their right to bring this action.   Let us see, then, whether this plea shows a payment of that judgment, before the commencement of this suit.   The plea alleges that the plaintiffs caused an execution to be issued on that judgment, and levied on the lands of Gregory, of value sufficient to satisfy the debt, and that the levy still continues, and the lands remain unsold.

That such a levy on personal property, would be such a satisfaction of the debt as would be a bar to another suit on that judgment, or any attempt to enforce the judgment in any other way, while the levy still subsisted, and before the result of a sale should prove the insufficiency of the property levied upon, would seem to be settled by the authorities. (1)   But the same rule does not obtain where the levy is made on real estate.   In this case the effect of the levy is not to deprive the debtor of the title, possession, or use of the estate.   After the levy, as before, the judgment creditor has only a lien on the land; nor is the debtor divested of his title until after the expiration of the time allowed for redemption; but as the creditor realizes his money upon the sale, the judgment is thereby satisfied.   The judgment against Gregory was no more satisfied after than before the levy.

This precise question was before the Supreme Court of New York, in the case of Shepard *v.* Roe, (2) when that Court, without hesitation, held the same rule.   In that case, the Court says, "We cannot, however, allow the issuing and levy of an execution upon land to be *per se* an extinguishment of the judgment, when the defendant has not, in fact, suffered any loss, and the plaintiff has gained nothing beyond what he already had by the lien of his judgment."   The same principle is also to be met with in the case of Ladd *v.* Blunt. (3)

Had the application been made to the Court below, there is no doubt, that in the exercise of a sound discretion, it would have stayed proceedings in this cause, till the sale and return of the execution; so that the defendants are not without a remedy, where the plaintiffs attempt to use their legal rights in an unreasonable manner.

(1) Ladd *v.* Blunt, 4 Mass. 403; Hoyt *v.* Hudson, 12 Johns. 208; *Ex parte* Lawrence, 4 Cowen 417; Jackson *v.* Bowen, 7 Cowen 21; Ontario Bank *v.* Hallet, 8 Cowen 194; Wood *v.* Torry, 6 Wend. 562; Clerk *v.* Withers, 2 Ld. Raymond 1072; 1 Salk. 322.
(2) 14 Wend. 260.                    (3) 4 Mass. 402.

The Supreme Court of Indiana, in 1823, held a different rule, (1) but it relied alone upon some of the authorities above referred to, all of which are cases where the levy was on personal property; and that Court cites no case where the levy was on real estate; and we are satisfied, that that decision is not sustained by the reasons assigned, or the cases on which it relies. We think the reason and authorities are against the decision in that case. The demurrer was properly sustained, and the judgment of the Court below is affirmed with costs.

*Judgment affirmed.*

(1) McIntosh *v.* Chew, 1 Blackf. 290.