## SPAFFORD AND TILESTON v. BEACH.

A levy on real estate is not a *prima facie* satisfaction of the debt.

An *alias fi. fa.* issued on return of a previous execution levied upon real estate which remained unsold for want of bidders, is irregular merely, but not void.

So, also, non-compliance by the sheriff with the requirements of the statute in regard to the levy. advertisement, or sale of real estate, is mere irregularity.

And such irregularities must be complained of in due time, by motion, or they will be waived.

A motion to set aside an execution and proceedings under it for irregularity merely, made five years after sale of real estate by virtue of the execution, is too late.

The title of a purchaser of real estate sold on execution, is not affected by the insufficiency of the sheriff's return to the execution. The sheriff's certificate of sale and deed, and not his return, are the evidence of such title.

CASE reserved from Oakland Circuit Court. Spafford and Tileston obtained a judgment in the circuit court against Beach, on which a *fi. fa.* was issued November 14, 1837; and, at the May term, 1838, the *fi. fa.* was returned levied upon real estate of the defendant, which had been advertised for sale, and remained unsold for want of bidders. In October, 1839, an *alias fi. fa.* was issued on the same judgment, by virtue of which other real estate of the defendant was levied upon, and, in March, 1840, sold to the plaintiffs. The sheriff made return of his proceedings on the *alias*; but it did not appear therefrom, whether notice of the levy was given to the defendant, or to the person in possession of the property; —when or what manner notice of sale of the property was given;—whether notice was given of postponements of the sale which appeared to have been made;—or where the sale took place:—and it appeared that the property consisted of several distinct parcels which were sold together

for a gross sum, and not separately. The return also omitted to state that there were no goods and chattels of the defendant whereon to levy.

In January, 1845, the defendant moved the circuit court to set aside the *alias fi. fa.* and all the proceedings under it, and in support of the motion,

*A. D. Fraser*, (with whom was *Geo. W. Wisner*,) contended that the *alias fi. fa.* was irregular and *void* for the following reasons :

1. Because it was issued while there was a subsisting levy undisposed of, by virtue of a former execution on the same judgment. 1 Ohio R. 214 ; 2 Id. 224 ; Cro. Eliz. 237 ; 1 Blackf. R. 289 ; 1 Salk. 322 ; 2 Ld. Raym. 1072 ; 4 Mass. 403 ; 1 John. R. 290 ; 7 Id. 428 ; 12 Id. 207 ; 6 Mod. 297, 300 ; 2 Tidd's Pr. 937 ; 2 Bac. Abr. 720 ; 5 Hill's R. 572 ; 7 Cow. 14 ; 16 Mass. 63 ; 3 Cow. 30 ; 9 Mass. 142 ; Grah. Pr. 405, '6 ; 1 Arch. Pr. 296 ; R. L. 1833, p. 424, §§ 2, 16.

2. Because it was issued more than a year and a day after the return day of the original *fi. fa.* without revival of the judgment, or order of the court. 1 Arch. Pr. 282 ; 2 Id. 88 ; 2 Tidd's Pr. 1102, '3 ; 11 Mass. 396 ; 2 How. R. 614 ; 8 Wend. 661 ; 8 Am. Com. Law, 150 ; 12 Wend. 490 ; 19 Law Lib. 49.

3. The proceedings under the *alias fi. fa.* were irregular and void, because it does not appear from the sheriff's return that the requirements of the statute were complied with in levying, advertising, and selling the property. 5 Am. Com. Law, 196, 206, 207 ; 9 Mass. 236 ; 1 B. & A. 40 ; R. S. 1838, pp. 323, '4. And also, because it does not appear therefrom that there were no goods and chattels of the defendant whereon to levy. 9 Cow. 274 ; 1 Wheat. 213 ; R. S. 1838, pp. 452, '3, §§ 11, 16.

The *alias fi. fa.* was not merely *voidable*, but void ; 1

Ohio R. 218; 6 Id. 2; 7 Cow. 70, 735; 5 Wheel. Am. C. L. 208, 190; and defects which render proceedings *void* are not waived by delay in taking advantage of them. Grah. Pr. 705.

The plaintiffs are not to be regarded as *bona fide* purchasers, but are chargeable with notice of all defects in the proceedings. 2 Caine's R. 61; 1 Cow. 641, 645, 622; 2 Hill's R. 629.

*S. T. Douglass* and *O. D. Richardson*, contra. The levy under the *fi. fa.* was lost by lapse of time and failure of the plaintiffs to enforce it before the *alias* issued. 7 N. Hamp. R. 584, '5; R. L. 1833, 424, § 2; S. L. 1841, p. 46, § 5, p. 152, § 5. At all events, it was competent for the plaintiffs at any time to release that levy, and the taking out the *alias* was a release of it. *Burnham* v. *Coffin*, 8 N. Hamp. R. 130, and cases next cited. The levy under the *fi. fa.* being upon real estate, was no *satisfaction* of the judgment, and did not affect the plaintiffs' right to further execution thereon. *Gregory* v. *Stark*, 3 Scam. (Ill.) R. 611, and the following cases, which assert that a plea to debt on judgment, alleging execution issued and levied or extended upon real estate, is no bar to the action. *Ladd* v. *Blunt*, 4 Mass. R. 403; 14 Mass. R. 378; *Shepherd* v. *Rowe*, 14 Wend. 260; *Taylor* v. *Ranney*, 4 Hill, 619; *Tate* v. *Anderson*, 9 Mass. R. 89; *Burnham* v. *Coffin*, supra. The *alias* is not irregular, merely because when it issued, a return had not been made to the original execution, showing that it had been completely executed. The court will look at the facts, and if there has been no oppression, will sustain the *alias*. *Dicas* v. *Warne*, 25 E. C. L. R. 158; *Green* v. *Elgie*, 3 B. & Ad. 437; 2 Tidd's Pr. 1073. At most, the *alias fi. fa.* is merely erroneous and voidable, and proceedings under it before it is set aside are valid. *Woodcock* v. *Bennett*, 1 Cow. 734;

*Mitchell* v. *Evans*, 5 How. (Miss.) R. 551 ; *Scull* v. *God-bolt*, 4 Alab. R. 324 ; *Patrick* v. *Johnson*, 3 Lev. 404 ; *Sherley* v. *Wright*, 1 Salk. 273 ; 2 Ld. Raym. 775.

The *alias* is not irregular because issued more than a year and a day after the return of the original *fi. fa.* without renewal of the judgment.  R. S. 1838, 451, § 6 ; *Thorp*, v. *Fowler*, 5 Cow. 446 ; Tidd's Pr. 1103 ; *Mayor* v. *Evertson*, 1 Cow. 36 ; *Lampelt* v. *Whitney*, 2 Scam. (Ill.) R. 441 ; 1 Harr. (Del.) R. 18 ; *Scull* v. *Gadbolt*, 4 Alab. 326.

As to the alleged defects in the sheriff's return.   The plaintiffs' title cannot be affected by the sheriff's *non-compliance* even, with all the specific requirements of the statute respecting the advertisement and sale : at all events, it in no wise depends upon the sheriff's return, or is affected by its insufficiency ; but upon the sheriff's certificate of sale and deed.   *Jackson* v. *Steinburgh*, 1 John. Ca. 153.   The cases cited from England and the New England states are entirely inapplicable, as there, lands are extended, and the writ, with the return endorsed, is recorded, and constitutes the only evidence of title.

This motion being to set aside proceedings for irregularity merely, should have been made at the first opportunity ; it comes too late.

GOODWIN, J. delivered the opinion of the Court.

A levy on real estate is not, as is a levy on personal property, a *prima facie* satisfaction.[*]   *Shepherd* v. *Rowe*, 14 Wend. 260 ; *Taylor* v. *Ranney*, 4 Hill's R. 619.   In the latter, the sheriff takes possession of the property ; in the former not, and, even after sale and conveyance, ejectment must be resorted to by the purchaser in order to obtain possession.   The issuing of the *alias fi. fa.*, while there was a levy by virtue of a former execution, on real

[*] As to how far a levy on personal property is to be deemed a satisfaction of the debt, see *Farmers and Mechanics' Bank* v. *Kingsley*, post.

estate, which remained undisposed of, was, therefore, a a mere irregularity. So, also, of the sheriff's supposed non-compliance with the law, in the particulars mentioned in his proceedings under the *alias,* appearing from his return. These were mere irregularities; and the return is not, under the statuate, the evidence of title, but there must be a certificate and deed.

The errors complained of being mere irregularities, should have been taken advantage of in due time by motion. Here the motion was made in January, 1845; the sale was in 1840. The motion comes too late.

*Motion denied.*