## Doe on the Demise of Mace *v.* Dutton.

A levy on property which does not amount to a satisfaction, is no bar to further execution on the judgment; nor does a levy upon goods, even where they are of sufficient value to pay the debt, necessarily amount to a satisfaction.

A prior levy, not amounting to a satisfaction of the judgment, having been made, the issue of a subsequent execution before a return to the former, or other proceedings to effect a vacation of the levy having been had, will be considered at most but an error which will render the execution voidable and not void; and a sale under the execution will be valid, for a sale under a voidable but not a void execution is valid, even to a purchaser with notice of the fact, where there is no fraud.

An execution merely voidable may be set aside on motion of the defendant, but if not so set aside all acts done under it are valid, as well in relation to the execution-plaintiff as to strangers. The execution-defendant may waive the errors, and if he do not procure the process to be set aside, he will be presumed to have waived them; and if he does waive them, the process should not be set aside, even on motion.

APPEAL from the *Tippecanoe* Court of Common Pleas.

Perkins, J.—Ejectment. Judgment below for the defendant.

The plaintiff claimed title to the lands in question in his lessor, *Daniel Mace,* by virtue of a judgment, sheriff's sale, and deed. Said *Mace* was the attorney of *Browning* and *Co.,* the plaintiffs in the judgment. *Burditt* and *Calvert* were the defendants in said judgment. *Dutton,* the grantee of *Calvert,* one of those defendants, was the defendant in this ejectment, and he resisted the plaintiff's claim of title, on the ground that said sheriff's sale and deed were void; and, to establish that proposition, he

relied upon two assumptions claimed by him to be true, one being of fact, the other of law; of fact, that before the issuing of the execution by virtue of which the lands in question were sold, the judgment on which it issued had been satisfied by the levy of a previous execution, issued upon the same judgment, on lands of the judgment-debtors other than those now in question, sufficient to satisfy the debt, and that that levy was undisposed of, as appeared by the return upon said execution: of law, that an execution upon a satisfied judgment was void. The record does not, we think, sustain the assumption of fact. It is true that a previous execution had been issued and levied on lands, other than those now in controversy, as the lands of the execution-defendants, and returned no sale for want of bidders, and that that levy had not been disposed of; but it is not true that those other lands so levied on, were, so far as appears by the record, the lands of the execution-defendants. They were not in the possession of those men when levied on, nor does it appear that they were ever in their possession. No evidence of title in said defendants was produced, but, on the contrary, it was shown that said lands were, at a former period, conveyed by the *United States* to one *Kisor*, and there was no proof that he had ever parted with them, though the proper records of the county had been searched with the view of ascertaining the fact. In short, upon the whole evidence, without detailing it here, we may say that it is very certain the lands covered by the former levy do not appear to have been the lands of the execution-defendants; nor is it shown that they were sufficient to pay the judgment, though, perhaps, had they been shown to have been the lands of the judgment-debtors, their sufficiency would have been presumed in the absence of evidence to the contrary.

This levy, then, not having been upon the lands of the execution-defendants, was no satisfaction of the judgment. *Sullivan* v. *McKean*, 2 N. H. Rep. 37.—*The Bank* v. *Turney*, 8 Humph. 271.

Whether, therefore, an execution upon a satisfied judg-

ment is void, according to the second assumption, or whether it is not, we are not now called on to decide. See *Mouchat* v. *Brown*, 3 Rich. (S. C.) 117.—*Dean* v. *Connely*, 6 Barr, 239.—*Bank* v. *Evans*, 10 S. & M. 35.—*Neilson* v. *Neilson*, 5 Barb. (N. Y.) S. C. R. 565. But it is said that, admitting the former levy was not a satisfaction, still it was erroneous to issue a second *fi. fa.* before that levy had been disposed of, and as the attorney of the judgment-plaintiff in this case was the purchaser for the benefit of said judgment-plaintiff, the error renders the sale void as to either or both of them. It is well settled that such a levy upon property as does not amount to a satisfaction, is no bar to further execution on the judgment. *Peplœ* v. *Galliers*, 16 Eng. C. L. R. 371.—*Green* v. *Burk*, 23 Wend. 490.—*Dyke* v. *Mercer*, 2 Show. 394.—*Duncan* v. *Harris*, 17 S. R. 436.—*Clark* v. *Bell*, 8 Humph. 26.—*Spafford* v. *Beach*, 2 Doug. 150.—*Taylor* v. *Ranney*, 4 Hill, (N. Y.) 619. This last case was a *scire facias* to revive and obtain execution upon a judgment. The defendants pleaded, secondly, a previous *fieri facias* and levy. "*By the Court, Bronson*, J. The second plea does not show a satisfaction of the judgment. The allegation is, that by virtue of the *fieri facias* the damages were levied *on* the goods and chattels, lands and tenements of the judgment-debtors. It should have been that the damages were levied *of* the goods, &c. A mere levy upon lands never amounts to satisfaction. (*Shepherd* v. *Rowe*, 4 Wend. 260). Nor does a levy upon goods, even where they are of sufficient value to pay the debt, necessarily amount to a satisfaction. *Green* v. *Burke*, 23 Wend. 490. Here the levy was upon lands as well as goods, and there is no averment that either or both of them were of sufficient value to pay the debt, or that any sale or satisfaction has followed. The plea is clearly bad." We should add that it has been held in this state, that a levy upon lands may amount to a satisfaction. *Miller* v. *Ashton*, 7 Blackf. 29.

The prior levy in this case, then, not being such as to be regarded a satisfaction of the judgment, the issue of

the subsequent execution before a return to the former, or other proceedings to effect a vacation of the levy had been had, was at most but an error which rendered the execution voidable, but not void; and being such, the sale under it was valid; for a sale under a voidable, but not void, execution is valid, even to a purchaser with notice of the fact, where there is no fraud. See *Ingram* v. *Belk*, 2 Strobh. 207.

We are aware that this point has been ruled otherwise. In the first Am. Ed. of Tidd's Practice, published in 1807, vol. 2, p. 936, it is said: "Upon an *erroneous* judgment, if there be a regular writ, the party may justify under it, till the judgment be reversed; for an erroneous judgment is the act of the Court, and the party need not set forth in his plea that the writ has been returned. But if the judgment or execution be *irregular* the party cannot justify under it, for that is a matter in the privity of himself or his attorney." Upon this authority, the Supreme Court of *Kentucky* decided in *Hoskins* v. *Helm*, 4 Littell, 309, that a purchase of land by the execution-plaintiff, upon an execution issued after a year and day from the rendition of the judgment, without revivor, was void; and in *Waite* v. *Dalby*, 8 Humph. 406, the Supreme Court of *Tennessee* followed the decision in *Kentucky*. But in a later, the 9th edition of the above work, Am. Ed., 1840, Mr. *Tidd* has changed the language of the above paragraph to the following; "Upon an *erroneous* judgment, if there be a regular writ, the party may justify under it, till the judgment be reversed; for an erroneous judgment is the act of the Court. But if the judgment on execution has been set aside for *irregularity* the party cannot justify under it, for that is a matter in privity of himself or his attorney." 2 Tidd Pr. 3d Am. Ed. 1032. The word *irregular*, we may remark, does not appear to be limited by any one, to an expression of what is void only, when used in reference to judicial proceedings. And we have been able to find no *English* case where a defendant has been permitted to object to proceedings, either upon a voidable but not void judgment, or execu-

tion, in any other manner than by direct steps to set it aside. There is *American* authority, also, that accords with this view of the *English.* *Reynolds* v. *Corp* and *Douglass*, 3 N. Y. Term Rep. 267, is an elaborate case, and we think in point, in principle, to the one before us. *Corp* recovered a judgment against *Reynolds* in a suit in which *Douglass* was the attorney. *Reynolds* was, in exoneration of his bail, "surrendered to prison, from whence he was liberated by a regularly obtained *supersedeas*, for want of being charged in execution in due time. After this, *Douglass* issued a *ca. sa.* upon the old judgment on which *Reynolds* had been in custody, took him in execution, and kept him in confinement from," &c., "to," &c. *Reynolds* then brought his action of trespass against *Corp* and *Douglass*, and, in the Circuit Court, obtained judgment. In reviewing the cause in the Supreme Court, it was determined that the *ca. sa.* was erroneously issued, and was voidable but not void; that it was, in this respect, like an execution issued after a year and a day upon a dormant judgment, and that, hence, trespass would not lie. In his opinion, *Kent*, C. J., says: "But admitting that a trespass would lie, the plaintiff brings his suit prematurely, so long as the *ca. sa.* appears regularly upon the record. He ought first to have applied to the Court, and had the writ set aside as irregular; and in the particular case of proceedings, except by certain inferior officers beyond their powers, and whose proceedings are held to be *coram non judice*, I believe no instance can be found, in which trespass was brought, until application had been made to the Court to determine upon the validity of the process, and to set it aside. Until that be done, the process will be a justification, and the Court will not decide touching its validity in this collateral way. There may be circumstances existing which might limit the interference of the Court, upon the direct application, and induce them to set aside the process upon terms, and those circumstances cannot be examined into, nor the interference modified, in the present suit." *Thompson*, J., said: "The merits of this case are, I think, comprised within a very narrow

Nov. Term, 1850.

Doe
v.
Dutton.

Nov. Term,
1850.

Doe
v.
Dutton.

compass, and the right of the plaintiff to recover in this action will depend altogether upon the question, whether the execution issued against him, is, in judgment of law, to be deemed *void,* or only *voidable?* If the former, it was a nullity *ab initio,* and could afford no justification; if the latter, it would afford a good justification until set aside. I am inclined to think the execution must be considered voidable only." "It appears regular upon the face of it; it is warranted by the judgment, and is to be avoided by some matter *dehors* the record, and which, I think, cannot be taken advantage of in this collateral way." "I think there are cases somewhat analogous to the present, when the process has been deemed voidable. Thus, if an execution be issued on a judgment that has lain dormant for a year and a day, it is deemed voidable only; and until reversed or set aside, is a good justification. 3 Lev. 403." "The result of my opinion, therefore, is, that in the present case the execution issued against the plaintiff was only voidable, and, until set aside, affords a good justification. The verdict must, of course, be set aside." *Livingston, Spencer.* and *Tompkins,* justices, concurred. *Reynolds* v. *Church* and *Douglass* immediately succeeds the above in the same volume of reports. It differs from it in one particular, which occasioned the plaintiff to be non-suited in the Circuit Court. In the Supreme Court, "*Per Curiam,* delivered by *Thompson,* J. There can be no grounds for the application to set aside the non-suit in this case, for the reasons urged in the preceding cause. But in addition thereto, the execution being deemed voidable, the defendant must be considered as having waived the error, and affirmed the execution, by availing himself of his imprisonment under it, for the purpose of obtaining the benefit of the act for the relief of debtors with respect to the imprisonment of their persons." *Spafford* and *Tileston* v. *Beach,* 2 Doug. Mich. Rep., was a motion to set aside an execution and a sale that had taken place under it. "*Spafford* and *Tileston* obtained a judgment in the Circuit Court against *Beach,* on which a *fi. fa.* was issued *November* 14, 1837; and, at the *May* term, 1838,

the *fi. fa.* was returned levied upon real estate of the defendant, which had been advertised for sale, and remained unsold for want of bidders. In *October*, 1839, an *alias fi. fa.* was issued on the same judgment, by virtue of which other real estate of the defendant was levied upon, and in *March*, 1840, sold to the plaintiffs." And it was argued, in support of the motion, that the *alias fi. fa.* was void; and that, the execution-plaintiffs being the purchasers, the sale to them was, at all events, void. But the Court said: "A levy on real estate is not, as is a levy on personal property, a *prima facie* satisfaction." "The issuing the *alias fi. fa.*, while there was a levy, by virtue of a former execution, on real estate, which remained undisposed of, was, therefore, a mere irregularity." "The errors complained of being mere irregularities, should have been taken advantage of in due time by motion. Here the motion was made in *January,* 1845; the sale was in 1840. The motion comes too late." The principle to be extracted from these authorities is, that an execution merely voidable may be set aside on motion of the defendant; but if not so set aside, all acts done under it are valid, as well in relation to the execution-plaintiff as to strangers. The execution-defendant may waive the errors, and if he do not procure the process to be set aside he will be presumed to have waived them. And if he does waive them the process should not be set aside, even on motion. In the present case, if *Burditt* and *Calvert*, for the purpose of avoiding the expense, perhaps, of a *scire facias*, (see *Arnold* v. *Fuller's Heirs*, 1 Ohio, 458,) at any rate, of some proceeding to get rid of the former invalid levy, expressly waived all objection to the issuing of the *alias fi. fa.*, we can see no justice in permitting their grantee, or the grantee of either of them, now to object that that *fi. fa.* was erroneous. Whether they did make such waiver, or what were the circumstances under which that *fi. fa.* issued, cannot be ascertained in a collateral proceeding. (1.)

It follows from what we have said that the sale in question was not void for the reasons alleged in this suit

Nov. Term,
1850.

The Presi-
dent and Di-
rectors, &c.,
v.
Rife.

against it, and the judgment of the Court below must be reversed.

It is proper to remark that this case does not extend to irregularities committed by the sheriff in proceeding under an execution. Whether the same rule will apply as to them in regard to purchasers with or without notice, is not a question for our consideration here.

*Per Curiam.*—The judgment is reversed with costs, Cause remanded, &c.

*D. Mace* and *R. Jones*, for the appellants.

*R. C. Gregory, G. S. Orth*, and *E. H. Brackett*, for the appellee.

(1) See *Doe* ex dem. *Cooper* v. *Harter, ante,* p. 252.