LEANDER COLT, Appellant, v. THE PHŒNIX FIRE INSURANCE COMPANY, Respondent.

: 54  595
116  327

While an insurance company cannot be held liable, where by the terms of its contract it is exempted, however harsh the result, it cannot be excused on a rigid and strict interpretation of words, without regard to the surrounding circumstances and the apparent intent of the parties.

A policy of insurance upon a building forbade alienation, and also contained this clause, "the commencement of foreclosure proceedings or the levy of an execution shall be deemed an alienation of the property." A mechanic's lien was subsequently filed and perfected on the insured building, and, in proceedings to enforce the same, judgment was obtained and execution issued, under which the premises were advertised for sale. Prior to the sale the building was destroyed by fire. In an action upon the policy, *held*, that by "foreclosure proceedings" was intended only the ordinary proceedings to foreclose a mortgage, and not exceptional statutory proceedings of the nature of those stated. That the "levy of an execution" referred only to a levy on personal property, as a levy upon real estate is unnecessary and is now unknown to the law. That, therefore, the proceedings aforesaid were not within the prohibitions of the policy and did not avoid it.

(Argued September 23, 1873 ; decided January term, 1874.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, affirming a judgment in favor of defendant, entered upon the decision of the court, upon trial at circuit, without a jury.

This action was upon a policy of fire insurance.

The facts are sufficiently stated in the opinion.

*A. K. Porter* for the appellant. The acts of the sheriff were not sufficient to constitute a levy. (*Rodger* v. *Bonner*, 55 Barb., 9, 24; 45 N. Y., 379; *Leonard* v. *Vandenburgh*, 8 How., 77.) There is no levy of an execution upon real estate known to the law. (*Wood* v. *Calvin*, 5 Hill, 228, 230; *Green* v. *Burke*, 23 Wend., 498; *Leonard* v. *Vandenburgh*, 8 How., 78; 2 R. S., 359, § 3; Laws 1854, chap. 402, §§ 1, 4, 6.) The levy of the execution could not affect the entire interest of the insured, and did not avoid the policy. (Laws of

1854, chap. 402, § 1; 2 Am. Ldg. Cas., H. & W. notes, 561, 562; *Strong* v. *Man. Ins. Co.*, 10 Pick., 40; *Hitchcock* v. *N. W. Ins. Co.*, 26 N. Y., 68; *Shearman* v. *Niagara Ins. Co.*, 40 How. Pr., 393; 1 Robt., 55; 3 id., 458.) The policy should be construed in the way most favorable to the insured. (Broom's Leg. Max., 529, 531–533; *Hoffman* v. *Ætna Ins. Co.*, 32 N. Y., 413.) A policy of insurance is not a perpetual injunction against the assured transacting business, incurring debts, or honestly securing his creditors by mortgage. (*Hitchcock* v. *N. W. Ins. Co.*, 26 N. Y., 68; *Hernandez* v. *G. W. Ins. Co.*, 3 Robt., 457, 472; 2 Am. Ldg. Cas., 541.)

*N. B. Hoxie* for the respondent. The issuing of the execution effected a levy upon the property and an alienation of it, and terminated the policy. (*Wood* v. *Colvin*, 5 Hill, 228; *Rodgers* v. *Bonner*, 55 Barb., 9; *Roth* v. *Wells*, 29 N. Y., 485.)

REYNOLDS, C. On the 10th of July, 1868, the defendant insured Susannah Berniz, for one year, against loss or damage by fire, for $1,000 on her frame two-story building in Niagara City, occupied as a hotel, and, in case of loss by fire, the amount of the insurance was to be paid to the plaintiff, Leander Colt, the mortgagee of the premises. The question arises upon a provision in the policy forbidding alienation, and that "the commencement of foreclosure proceedings or the levy of an execution shall be deemed an alienation of the property." After the policy of insurance was made, and on the 17th of July, 1868, a mechanic's lien was filed and perfected on the insured building, and lot on which it stood, against the owner in fee, Susannah Berniz. By subsequent proceedings, the claimant, Walton, in enforcement of his lien, on the 10th of February, 1869, obtained a judgment for $194.35, which, on that day, was duly docketed and an execution thereon, in proper form and according to the statute in such case provided, was issued and delivered to the sheriff of the county of Niagara. On the 15th of February, 1869, the sheriff, under this execu-

tion, advertised the building and premises insured for sale on the 30th of March, and on that day duly adjourned the sale until the 10th of April, 1869. On the eighth of April the insured property was totally destroyed by fire, and its value exceeded the amount of the insurance, and no further proceedings were had upon the execution.

While we fully recognize the principle that insurance companies can only be held responsible upon the contracts they have made, yet the language employed must, as in all other cases, have a reasonable interpretation. The defendant must not be made liable where, by the terms of the contract, it is fairly exempted, however harsh the result may appear; nor can it be excused where the exemption is claimed upon a strict and rigid interpretation of words, without regard to the circumstances surrounding the transaction, and the apparent intent of the parties. The provisions of the policy in this case under which the exemption from liability is claimed, appear to be unlike any hitherto considered by the courts, so far as our researches have extended. The effect of an alienation of the insured property, partial or complete, has been frequently considered, but those decisions afford but little aid in the solution of the present question.

We have no hesitation in holding that "the commencement of foreclosure proceedings," which was to be "deemed an alienation of the property," was not intended to refer to proceedings to enforce a mechanic's lien, under the provisions of recent statutes. It doubtless was intended by the parties to refer to the ordinary proceedings for the foreclosure of a mortgage upon real estate, and not to the exceptional proceedings allowed by special statutes, differing in different localities, to aid mechanics in enforcing their claims for materials furnished and labor performed in the construction of a building. It must unquestionably be held to mean the foreclosure of a mortgage in the ordinary sense in which these terms are employed.

The policy also provided that "the levy of an execution shall be deemed the alienation of the property," which ren-

dered it void.   We may fairly assume that the policy, in this case, was the ordinary printed blank, common with insurance companies, adapted to the insurance of either real or personal property, and filled up according to the requirements of any particular application.   We may also assume that the "levy of an execution" was intended to have some intelligent reference to a fact that might possibly have some bearing upon the risk of insurance.   The levy of an execution upon real estate, under an ordinary judgment, is at this day unnecessary, and, in fact, never is done, and it may be said is now unknown to the law. ( *Wood* v. *Colvin,* 5 Hill, 228; *Catlin* v. *Jackson,* 8 J. R., 546; 2 Rev. Stat., p. 359, § 3; *Learned* v. *Vandenburgh,* 8 How. Pr. R., 78.)   In special proceedings by attachment or otherwise, a different rule may prevail; but where a judgment is obtained in an ordinary proceeding, which is made by law a lien on the land, no levy under an execution issued thereon is ever contemplated or necessary for any purpose. We therefore conclude that this language could not have been intended to apply to real estate, but to the levy of an execution upon personal property only, where the actual levy by the sheriff divests the personal property of the lebtor, to a large extent, at least, and the sheriff takes, or is supposed to take the actual possession and retain his dominion until the sale. Such a proceeding does, in fact, effect a sort of alienation of the debtor's title, so soon as the levy is complete; and it may be assumed that, in many such cases, the risk of the insurer would be largely increased, which would afford a very satisfactory reason for the insertion of such a stipulation in the policy.   None of these reasons can apply to a judgment and execution against real estate.

Reaching these conclusions, we find it unnecessary to consider any other questions in the case, and we are compelled to reverse the judgment of the Supreme Court and order a new trial, with costs to abide the event.

All concur.

Judgment reversed.