By the Court.—Sedgwick, Ch. J.
The sole question is whether the execution was returned wholly or partly unsatisfied, within the meaning of section 2435 of the Code of Civil Procedure. If it were, the right of the plaintiff to the order of examination is clear. The general rules that relate to the right of a creditor to bring an action to apply equitable assets to the satisfaction of a judgment, in lieu of which, to a certain extent, supplementary proceedings were allowed, may be adverted to for the purpose of construing'the statute, when construction is permitted, but not where the statute is unambiguous.
The effect of the return is not modified by its statement that the return was made at request of plaintiff’s attorney. It was the duty of the sheriff to have made the return at a much earlier day.
It appears on the face of the return that the execution was unsatisfied, unless the statement that there was a levy upon real estate, and notice of sale under it, intimates that there was a satisfaction. Strictly, the levy of an execution upon real estate is now unknown to the law (Wood v. Colvin, 5 Hill, 228 ; Colt v. Phoenix Fire Ins. Co., 54 N. Y. 595.) The performance of the mandate of *168 the process is an execution of a power to sell, under the statute (Wood v. Colvin, supra). But the proceeding to give notice of sale in execution of that power, is not a satisfaction, because the real property remains in the debtor and in Ms possession. Therefore it is held that such a proceeding is not satisfaction (Shepard v. Rowe, 14 Wend. 260 ; Taylor v. Banney, 4 Hill, 619).
In a creditor’s action the fact that the debtor had property which might have been taken by legal process, was not a defense in the action. It was enough if the complainant-had in good faith used the only power he had over the debtor’s property, by issuing the legal process and awaiting its return.
• In the present case, the appellant is not aided even by a presumption that the sale would result in the plaintiff’s receiving any money under the judgment.
Of course, if the judge below had been satisfied that the same matter had been previously determined between the parties in favor of the defendant, he would have followed the first decision. It was not clearly shown that the same matter had been previously determined.
Order affirmed, with $10 costs and disbursements to be taxed.
Freedman, J., concurred.