| 78 109
149a 382

JENNIE M. WOOD, Respondent, *v.* THE AMERICAN FIRE INSURANCE COMPANY of Philadelphia, Appellant.

*Insurance policy — assignment of — ownership presumed from possession — an assignment for creditors by a member of a firm — does not dissolve the firm — knowledge by an agent chargeable to his principal — waiver of the conditions of a policy — effect of a judgment and sale under execution.*

A written assignment of a cause of action on an insurance policy, made after the loss, containing a sufficient description of the matter assigned, stating a valuable consideration and executed by all the survivors of an insured firm, is valid.

Upon an appeal from a judgment rendered in favor of the plaintiff, in an action brought upon a fire insurance policy, the appellate court cannot assume, for the purpose of avoiding the policy, in the absence of any proof on the subject, the want of ownership by the insured of the insured property.

Courts will not be astute to find ways to work the forfeiture of a contract of insurance, or seize upon imaginary or doubtful pretexts to effect that result, and in an action upon a policy of fire insurance the insured is not bound in the first instance, before a recovery can be had for a loss, to prove title to the property insured; possession thereof at the time of taking the policy is enough in the absence of an affirmative defense of want of title and proof sustaining such defense.

The insolvency of a member of a firm, or his assignment for the benefit of creditors, does not *per se* dissolve the firm, except as to future events, and as between the co-partners, as to third parties, the partnership is not by such transfer or insolvency *ipso facto* dissolved, where the partnership still continues

to transact business; the property of such firm remains its property until a dissolution in fact occurs, and an accounting is had and the firm obligations are paid, at which time the assignee of the individual member of the firm would be entitled only to the assignor's share of the surplus; the *corpus* of the effects of the firm is joint property and no one partner separately has any ownership in that *corpus*, but the interest of each is only his share of what remains after the partnership debts are paid and accounts are taken.

*Query*, as to whether the fee of real estate owned by a firm does not, for the purposes of the partnership, remain in the firm after a general assignment for the benefit of creditors by an individual partner.

When the real condition of a member of a firm who had made a general assignment for the benefit of creditors was known to the agent of an insurance company, who accepted an application made by such firm, and issued to it a policy of fire insurance, it cannot be claimed that such assignment constituted a breach of warranty of title by the insured, as the knowledge on the part of the agent who transacted the business was the knowledge of the company, and was a waiver of the warranty of title of the assured to the premises insured.

A waiver after the issuing of a policy of fire insurance must be in accordance with its terms; but at or before its inception such waiver will be presumed if the agent had knowledge at that time of the facts thereafter claimed to be a defense to an action brought thereon; and if an insurance company issues a policy of fire insurance and accepts a premium therefor, with knowledge of the facts on the part of its agent, it will not be permitted to set up such facts to avoid the policy in case of loss.

The right of an insured under a policy of fire insurance is not affected by a judgment and sale under execution of the property insured until after the expiration of the fifteen months allowed for redemption.

APPEAL by the defendant, The American Fire Insurance Company of Philadelphia, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Clinton on the 8th day of June, 1893, upon the decision of the court rendered after a trial at the Clinton Circuit.

*L. L. Shedden,* for the appellant.

*T. F. Conway,* for the respondent.

MAYHAM, P. J.:

The action in this case was prosecuted by the assignee of an insurance policy issued by the defendant to a firm known and designated as Wood Brothers.

The defendant by its answer and on the trial relied upon various grounds of defense, and urge the same on this appeal as grounds for a reversal of this judgment.

The first is that the assignment of the cause of action to the plaintiff is insufficient. We see no binding objection to the validity of this assignment.

It was in writing, contained a sufficient description of the matter assigned, was made after the loss, stated a valuable consideration, and was executed by all the survivors of the firm.

The second objection, that the insured had no title to the insured property, seems equally untenable. The insured property which was destroyed by the fire, and was covered by the policy, was in possession of the firm, and appears to have belonged to it, and no question upon the proof was made as to the validity of the title of the insured, and the defendant in issuing its policy treated it as the property of the Wood Brothers.

In the absence of proof this court on appeal cannot assume want of ownership in the insured for the purpose of avoiding the policy.

In *McMaster* v. *Insurance Company* (55 N. Y. 232) FOLGER, J., says : " The current of the decisions runs to this ; that courts will not be astute to find ways to work the forfeiture of a contract of insurance." Applying this rule of construction, we cannot hold that the Wood Brothers had not at the time of this insurance the title to the property insured. The insured is not bound in the first instance before a recovery can be had for a loss to prove title, as he would be required to do in an action of ejectment.

Possession of the property at the time of taking the policy is enough in the absence of an affirmative defense of want of title and proof sustaining such defense. It was alleged in the answer, and proved on the trial, that one of the co-partners at the time of the issuance of the policy had made a general assignment of all his property for the benefit of creditors and that the assignee had sold his interest at public auction, but it also appeared affirmatively that no actual dissolution of the co-partnership had been effected and that the firm continued to transact its co-partnership business down to the time of the fire which destroyed the insured property.

It is insisted by the defendant that the interest of one member of the firm having passed to his assignee, the interest of the Wood Brothers is not truly stated in the policy, and that such mis-statement annuls it.

If this were an individual policy taken in the name of the assignor after such assignment, such mis-statement would doubtless avoid the policy. But the insolvency of a member of a firm or his assignment does not, we think, *per se* dissolve the firm except as to future events, and as between the co-partners, as to third parties, the partnership is not by such transfer or insolvency *ipso facto* dissolved where the partnership still continues to transact business. (*Taft* v. *Buffum*, 14 Pick. 322; *Sistare* v. *Cushing*, 4 Hun, 506.)

It remains the property of the firm until a dissolution in fact occurs and an accounting is had and the firm obligations are paid, when the assignee of the individual member of the firm would be entitled only to the assignor's share of the surplus. In *Menagh* v. *Whitwell et al.* (52 N. Y. 158) RAPALLO, J., says: "The *corpus* of the effects is joint property, and neither partner separately has anything in that *corpus*, but the interest of each is only his share of what remains after the partnership debts are paid and accounts are taken." Within this principle it is doubtful whether the fee of the firm's real property did not remain in the firm after the assignment of the individual partner for the purposes of the partnership.

If the title remained in the firm after this individual assignment, it cannot be claimed that the existence of that assignment was a breach of warranty of title to the premises in Wood Brothers. The same may be said, we think, as to the other assignment by individual partners and the appointment of a receiver as to one not set up in the answer, but proved upon the trial.

This assignment did not divest the firm of title, and the defendant issued its policy to the firm and not to the individual members thereof. The provisions of the policy as to the title referred to its quality, and the title being in the firm was not in any way affected by the assignment of individual members. (*American A. G. S. Co.* v. *Glens Falls Ins. Co.*, 48 N. Y. St. Repr. 653, 654.)

But if it can be held that the assignment or transfer by individual members of a firm of their individual interests affects the title of the firm so that it cannot be said to be the owner in fee, still as the real condition of the member of this firm who had assigned was known to the agent of the defendant who took this application and issued this policy, it cannot be claimed that such transfer constituted a breach of warranty of title by his company. The knowledge on

the part of the agent who transacted the business was the knowledge of the company, and was a waiver of the warranty claimed to be broken. (*Berry* v. *American Central Insurance Co.*, 30 N. Y. St. Repr. 53 ; see, also, *Broadhead* v. *Lycoming Ins. Co.*, 14 Hun, 452.)

A waiver after the issuing of the policy must be in accordance with its terms, but at or before its inception such waiver will be presumed if the agent had knowledge at that time of the facts claimed to be a defense. If a company issues a policy, and accepts a premium with knowledge of the facts on the part of the agent, it will not be permitted to set up such facts to avoid the policy in case of loss. To permit the defendant to attack the validity of the policy on account of those facts would be to impute to it a fraud in receiving the premium and issuing a policy in the first instance which it knew to be void. (*Haight* v. *The Con. Ins. Co.*, 92 N. Y. 51, 55 ; *Van Schoick* v. *Niagara Fire Ins. Co.*, 68 id. 434–441 ; *Woodruff* v. *The Imperial Fire Ins. Co.*, 83 id. 133–141 ; *Richmond* v. *Niagara Fire Ins. Co.*, 79 id. 230 ; *Whited* v. *Germania Fire Ins. Co.*, 76 id. 415.)

The evidence does not disclose any affirmative assertion of title or any concealment of any fact from the company at the time of effecting the insurance, or that the insured was asked by the company to make any statement in reference to its title.

In *Cross* v. *Nat. Fire Ins. Co.* (132 N. Y. 136) the court say : "The party applying for insurance is not bound to disclose the nature or extent of his interest to the insurer unless requested."

The Wood Brothers at the time the insurance was effected had an insurable interest in this property. That interest they sought to protect by this policy. There is no claim that this policy was procured by fraud, and the loss far exceeds the amount of insurance; and the happening of the event insured against would result in pecuniary loss to the insured. (*Cone* v. *Niagara Fire Ins. Co.*, 60 N. Y. 619 ; *Herkimer* v. *Rice*, 27 id. 163.) Under such circumstances, while the court should not overlook any clear violation of the contract, it should not seize upon imaginary or doubtful pretexts for the purpose of forfeiting the policy. After the making of this policy a judgment was recovered against the Wood Brothers to whom it was issued, on which an execution was issued and the premises on which the building covered by this policy stood were

sold, and a sheriff's certificate of sale executed to the purchaser, but before the time of redemption under such sale had expired the insured building was burned.

The defendant now insists that by the terms of the policy this judgment, execution, sale and sheriff's certificate rendered the policy void. The exact provision of this policy upon that point is not contained in the case, but is partially stated in both the brief of the plaintiff and that of the defendant, from which it appears that to invalidate the insurance by judgment, the interest, title or possession of the subject of the insurance must be changed.

This was not affected by the judgment or proceedings under it.

The judgment debtor was still entitled to the possession of the insured property. Section 1440 of the Code of Civil Procedure provides as follows: " The right and title of the judgment debtor * * * is not divested by the sale until the expiration of the period within which it can be redeemed." We must, I think, therefore, treat this judgment and sale under it, so long as the right to redeem exists, as inoperative as against the terms of the policy and the right of the insured or their assignee is unaffected by the same.

The right and title of the insured under that section was not changed at the time that the liability for this loss attached.

In *Cone* v. *Niagara Fire Ins. Co.* (60 N. Y. 619) the policy contained this provision : "*Any interest* in the property insured not absolute or that is less than a perfect title, or if a building is insured that is on leased ground, the same must be specifically represented to the company and expressed in this policy in writing, otherwise the insurance shall be void."

In discussing the effect of a sale under execution of the property insured under this policy the court uses this language : " Palmer (the owner) had this interest certainly until the last day of the fifteen months for judgment creditors to redeem. * * * It is apparent that Palmer retained the *legal title* to the premises until the expiration of the fifteen months ; as these did not expire until after the fire, his title continued until after the fire, and he, till after that event, had a pecuniary interest in the premises which was affected by their destruction by fire *without the indemnity of insurance.*"

This and kindred cases seem to settle the doctrine that the right of the insured is not affected by a judgment and sale until after the

expiration of the fifteen months allowed for redemption. (*Baley* v. *Homestead Fire Ins. Co.*, 80 N. Y. 21; *Green* v. *Homestead Fire Ins. Co.*, 82 id. 517; *Colt* v. *Phœnix Fire Ins. Co.*, 54 id. 595; *Walradt* v. *Phœnix Ins. Co.*, 136 id. 375.)

We have carefully examined the numerous exceptions taken by the learned counsel of the defendant to the findings and refusals of the learned judge to find, and see no error for which this judgment should be reversed.

PUTNAM, J., concurred; HERRICK J., concurred in the result.

Judgment affirmed, with costs.