Silas P. Tefft *et al. vs.* Providence Washington Insurance Company.

A fire insurance policy on a dwelling-house and barn contained the following clause : "If the property hereby insured shall be mortgaged, levied on or attached, or taken into possession or custody under any proceeding at law or equity, or change takes place in title or possession, . . . . all insurance by this policy shall thereby cease."

*Held*, that the word "attached" in the clause had special reference to personal property, the possession of which is usually changed upon an attachment, and not to real estate prior to change of title by a sale on execution.

Plaintiffs' petition for a new trial.

*September 19, 1895.* Matteson, C. J. This is *assumpsit* on a policy of fire insurance issued by the defendant on a dwelling-house and barn situated in Wyoming, in the town of Hopkinton, in this State. The policy contains a clause as follows : "If the property hereby insured shall be mortgaged,

levied on or attached, or taken into possession or custody under any proceeding at law or equity, or change takes place in title or possession, or if the building or any part thereof insured, or containing the property insured, shall fall except as a result of fire, all insurance by this policy shall thereby cease." The dwelling-house mentioned in the policy was destroyed by fire during the term covered by the policy, but prior to its destruction four attachments had been put on the property. None of the suits in which these attachments were made, however, proceeded to the levy of execution and sale of the property. At the trial in the Common Pleas Division the jury, on the defendant's motion, were directed to return a verdict in its favor, on the ground that the policy was avoided by the attachments in consequence of the provision in the clause quoted. The plaintiffs excepted to the ruling directing the verdict, and petition for a new trial, alleging that the ruling was erroneous. The question that is raised for consideration is what effect is to be given to the word "attached." Does it apply to attachments of real estate?

We find no case in which a similar clause of forfeiture has contained the word "attached." We find several in which the rest of the language immediately associated with this word, viz., "levied on or taken into possession or custody" has been considered. It is held that these words were intended to have special, if not exclusive, reference to personal property, the policies containing the clause being adapted to insurance of both real and personal property ; that as, when personal property is levied upon, there is usually an actual seizure of it by the officer in whose custody it remains until the sale, the phrase was designed to guard against any supposed increase of risk resulting from a change of possession, and hence that it has no application to a technical levy of execution on real estate, which is unattended by any change in the possession of the property, but consists merely of a mental determination of the officer to make the sale on the execution, followed by a notification of the sale and sale as prescribed by statute. *Commonwealth Ins. Co.* v. *Berger*,

42 Pa. St. 285 ; *Insurance Co.* v. *O'Malley*, 82 Pa. St. 400 ; *Smith* v. *Farmers' and Mechanics' Mutual Fire Ins. Co.*, 89 Pa. St. 287 ; *Hammel* v. *Queen's Ins. Co of London and Liverpool*, 54 Wisc. 72 ; *Colt* v. *Phœnix Fire Ins. Co.*, 54 N. Y. 595 ; *Caraher* v. *Springfield Ins. Co.*, 70 N. Y. Sup. Ct. (63 Hun.) 82 ; *Lynch* v. *Earle*, 18 R. I. 531 ; 1 May on Insurance, § 274.

This being the construction and the reason for it given to the words "levied on or taken into possession or custody," we do not see that the insertion of the words "or attached," after the words "levied on," add anything to the meaning of the phrase, or serve any purpose except to clear up a doubt which possibly might arise of its application to the case of an attachment of personal property on a writ ; the word "levy" being more commonly used to define the seizure of property on execution than on a writ by attachment, though we not infrequently speak of the levy of an attachment.

In the attachment of real estate the custody or possession of the property is not changed. The attachment merely creates a lien upon the land which can be perfected within the period limited by statute, in the event that judgment is obtained, by a sale of the property on execution. It is not until title to the land has been divested by a sale on execution that the insurance ceases, and this by virtue of the subsequent language in the clause relating to a change in title or possession. *Wood* v. *American Fire Ins. Co. of Philadelphia*, 78 Hun. 109 ; *Hammel* v. *Queen's Ins. Co. of London and Liverpool, supra.*

We are of the opinion that the ruling directing the verdict was erroneous, and we therefore grant the petition and remit the case to the Common Pleas Division for a new trial.

*Albert D. Bean,* for plaintiffs.

*William G. Roelker,* for defendant.