(64 Misc. Rep. 299.)

UNITED STATES FIDELITY & GUARANTY CO. v. LENTILHON et al.

(Supreme Court, Special Term, New York County. August, 1909.)

SHERIFFS AND CONSTABLES (§ 45*)—COMPENSATION—POUNDAGE.

 After execution issued, a judgment was set aside on motion of the judgment debtor. Held, that the sheriff was not entitled to poundage on the execution, under Laws 1892, p. 868, c. 418, § 2, though the judgment debtor had property sufficient to satisfy the judgment, where the sheriff had not actually levied thereon.

 [Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. § 69; Dec. Dig. § 45.*]

Action by the United States Fidelity & Guaranty Company against Eugene Lentilhon and others. Motion by sheriff to direct payment to him of poundage on an execution. Motion denied.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Sumner Bowman, for plaintiff.
Maurice B. Blumenthal, for sheriff.

BRADY, J.   On April 14, 1909, there was lodged in the office of the
sheriff of the county of New York an execution in this action for the
sum of $5,278.99.   On April 15, 1909, pursuant to such execution, the
said sheriff levied upon personal property of one of the defendants,
said to be of the reasonable value of $50.   On or about April 16, 1909,
an application was made to this court on behalf of John Fleming, one
of the defendants, to vacate and set aside the judgment and the levy
made under such execution, and for leave to said defendant to serve
his answer and defend this action.   Thereafter, pursuant to said ap-
plication, the judgment was vacated and the levy set aside.   It is
claimed by the sheriff that at the time said execution was lodged with
him in his office as aforesaid, and thereafter, and now, the defendant
Fleming was and is the owner in fee of certain real estate in the county
of New York, with an equity more than sufficient in value to fully
satisfy the said execution, with interest and sheriff's fees.   As alleged
proof of this he offers, annexed to his moving affidavit herein, a card
obtained by him from the Title Guarantee & Trust Company of New
York, commonly called a "last owner's search," which shows that in
the office of the register of the county of New York appears the
record of a deed to John Fleming for a consideration of $12,000,
dated February 26, 1892, and recorded February 27, 1892, in Section 5
of Conveyances, Liber 10, page 167, of certain real estate in said coun-
ty.   The said affidavit of the sheriff alleges that said search returns that
there appears upon the records of said register's office no instrument of
conveyance transferring the said property from the said Fleming.   The
sheriff claims poundage upon the full amount of said execution.

The fees of the sheriff of New York county are regulated by chap-
ter 418, p. 868, Laws 1892.   Section 2 of said act provides that the
sheriff shall receive for collecting money by virtue of an execution or
an attachment for the payment of money in an action 5 per centum up-
on the first $1,000 collected, 2½ per centum on the next $9,000, and
1 per centum on all sums over and above $10,000, and when a settle-
ment is made after a levy by virtue of an execution the sheriff is en-
titled to poundage upon the value of the property levied upon, not
exceeding the sum at which the settlement is made, and where an
execution has been vacated or set aside the sheriff is entitled to pound-
age upon the value of the property levied upon, not exceeding the
amount specified in the execution.   The sheriff bases his right to full
poundage under the provisions of the clause last above.   A glaring
absurdity will be noticed in these provisions, in that when a settlement
is made by act of the plaintiff after a levy the sheriff must accept com-
pensation based upon the amount of the settlement, however small,
even if the property levied upon equal in value the amount of the
execution, while if the execution is set aside after levy, even against
plaintiff's protest, he may collect full poundage, if the value of the
property levied upon equal the amount of the execution.   It is well
settled that a formal levy upon real estate is not necessary before pro-

ceeding to advertise and sell. The judgment is a lien upon the land, and the execution comes as a power to enable the creditor to reap the fruits of the seizure already made by the docketing of the judgment. Wood v. Colvin, 5 Hill, 230; Colt v. Phœnix Ins. Co., 54 N. Y. 595.

A levy is therefore not necessary to authorize the sheriff to proceed to advertise and sell real estate; but does it follow that he is entitled to collect poundage within the meaning of the statute aforesaid without an actual levy? I think not. His right is conditioned in words upon a previous levy, and such levy, though unusual and unnecessary for the valid execution of the writ, must be made, or steps equivalent to a levy taken, before a plaintiff can be virtually penalized through the vacation of the execution. The lodgment of the execution with the sheriff is not a levy. If it were so, it would be a levy as well upon real estate actually owned by a defendant, but of which the sheriff had absolutely no knowledge; and if no property of said defendant came to the knowledge of the sheriff out of which to satisfy the writ, on the return of such execution necessarily nulla bona, the sheriff would actually return a writ unexecuted under which a levy existed, whether the sheriff knew it or not.

Assuming, however, that the sheriff would be entitled to poundage without actual levy or other steps to enforce the execution, I am of the opinion that the proof herein is insufficient to show the value of the interest, if any, of the defendant Fleming in the real property referred to. The possible ownership of such property by Fleming was not discovered until April 20, 1909, after the execution had been stayed. While the consideration expressed in the deed may have been $12,000, the property may have been subject to a mortgage for almost that amount, the title of Fleming may have been worthless, or for many other reasons his interest in the property may have been worth much less than the amount of the execution. I think the burden is upon the sheriff, not only to allege, but absolutely prove, its value in this application.

Motion denied. No costs. Settle order on notice.