ELIJAH PEALE, Trustee, *vs.* THOMAS BOLTON et al.

The law is well settled, that a levy of an execution on personal property is *primâ facie* a satisfaction of judgment.

But the levy is only a satisfaction to the extent of the sale under the execution.

A levy upon lands affords no presumption of satisfaction of the judgment, because it does not interfere with either the possession or title of defendant. *Aliter* in regard to personal property.

The judgment can only be revived in the name of the trustee, who, by law, is the representative of the bank; and he is bound to enter such credits on the judgment as were binding upon the corporation.

In error from the circuit court of Warren county; Hon. P. W. Tompkins, judge.

On the 19th day of March, 1849, Elijah Peale, trustee of the Agricultural Bank, sued out a *scire facias* against Henry Roberts, Thomas Bolton, John Lane, John A. Lane, Jacob B. Morgan, and Elisha Battle, which alleges that the bank, on the 17th day of May, 1837, obtained judgment in the circuit court of Warren county against said parties for $2,616.66, with 8 per cent. interest thereon until paid; also, the sum of $23.12, costs; on which judgment a writ of *fi. fa.* issued on the 20th of June, 1837, to Hinds county, which was received by said sheriff and returned by him, that he had levied the same upon lands of

the defendants, Morgan, Battle, and Bolton, which were not sold for want of time.

On the 5th of March, 1845, a *venditioni exponas* issued. The sheriff returned it, that he had sold the property of Thomas Bolton for $25; the other property not sold for want of bidders.

On 4th of December, 1845, an *alias venditioni exponas* issued, which was returned, property not sold for want of bidders, *pluries* writ issued, returnable to the October term, 1846, which had not been returned to the court.

That since the rendition of the judgment, judgment of forfeiture of charter had been rendered against the bank, and Elijah Peale appointed trustee to collect its debts, and had given bond, &c. according to law, and Peale had demanded a *scire facias* to revive the judgment in his name. The defendants named were accordingly summoned to appear at the April term, 1849, to answer the writ. Duplicate writs issued, one to Warren and one to Hinds. The former was returned executed on John Lane; the latter on Bolton, who plead: 1. Payment; 2. That the action did not accrue within seven years next before suing out the writ; 3. *Nul tiel record;* 4. That the bank had neglected for a long time to have execution against Roberts, who was the principal debtor, and who during the time had had ample property to pay it.

Peale demurred to the 2d and 4th pleas, and took issue on 1st and 3d. At the same term, the death of Morgan was suggested, and the suit abated as to him, and the demurrers filed by Peale were sustained; and an *alias* writ of *scire facias* ordered, which was returned not found, as to the other parties.

At the October term, 1849, the death of Roberts and Battle was suggested, and the suit abated as to them; and at the April term, 1850, the defendants John and John A. Lane demurred to the *scire facias*, without assigning any special causes. The demurrer was argued and sustained; upon which Bolton withdrew his pleas and demurred, and the *scire facias* was dismissed as to all the parties. Peale took out this writ of error.

*W. C. & A. K. Smedes*, for appellant.

A writ of *scire facias* does lie to revive a judgment in favor of a dissolved bank. We regard that as settled by the former decision of this court; and we cite in support of it, *Mathews* v. *Mosbey*, 13 S. & M. 422; *Person* v. *Valentine*, Ib. 551; *Chew* v. *Peale*, 12 Ib. 700, expressly in point. *Commercial Bank of Natchez* v. *Chambers*, 8 Ib. 9.

A levy on land is not even a *primâ facie* satisfaction. A levy on personal property changes the title, and has been held a satisfaction of the execution to the extent of its value; but a levy, even on sufficient real estate, is only so far an execution of the judgment as to postpone the right to a second writ. *McGehe* v. *Hundley*, 5 How. 629; *Kershaw* v. *Merchants Bank of New York*, 7 Ib. 393; *Bibb* v. *Jones*, Ib. 397; *Pickens* v. *Marlow*, 2 S. & M. 436, 437 (see this case especially); *Walker* v. *McDowell*, 4 Ib. 133. The case of *Smith* v. *Walker*, 10 Ib. 585, decides expressly, that " a levy on real estate does not amount to a satisfaction at all, because there is no change of property or of possession until sale." So with *Beazley* v. *Prentice*, 13 Ib. 99.

We presume, therefore, it may be taken as settled, that even a levy on sufficient land is not even a *primâ facie* satisfaction of the judgment. As to the plea of the statute of limitations, it is disposed of by the cases of *Brown* v. *Wilcox*, 14 S. & M. 127; *Peale* v. *Green, MSS. Op.*; *West Feliciana Railroad* v. *Stackett*, 13 S. & M. 395.

*Burwell*, for appellees.

Mr. Justice Fisher delivered the opinion of the court.

This was a writ of *scire facias*, sued out of the circuit court of Warren county, by Elijah Peale, the trustee appointed by the circuit court of Adams county, on pronouncing judgment of forfeiture against the Agricultural Bank, to revive a judgment recovered by the said bank at the May term, 1837, of Warren circuit court, against Thomas Bolton and others.

It appears by the recitals in the writ, that a writ of *fieri facias* was issued upon the judgment, and was by the sheriff

Peale *v.* Bolton et al.

levied upon certain lands of the defendants, which were not sold for want of bidders. It also appears that a *pluries vendi.* had issued to the sheriff of Hinds county, requiring him to sell said land, and that said writ had not been returned.

The defendants filed a demurrer to the *scire facias,* which was sustained by the court below, mainly on the ground, we suppose, that the levy on the land was, *primâ facie,* a satisfaction of the judgment.

The law is well settled, that a levy on personal property is, *primâ facie,* a satisfaction of the judgment; because, in such case, both the possession and title to the property are changed. The levy itself vests the title in the sheriff, who is the agent and trustee of both parties to the execution; of the plaintiff first, to make a sale according to law, and to apply the proceeds to the payment of the judgment and costs; and of the defendant, for the surplus, if any, after satisfying the demands of the plaintiff. If, however, upon a fair sale of the property, it should prove insufficient to satisfy the judgment, the levy is only a satisfaction to the amount of the sale.

But a levy upon land affords no presumption of a satisfaction of the judgment, because it does not in any manner interfere with either the possession or title of the defendant. In the case of personal property, the levy itself appropriates it to the satisfaction of the plaintiff's claim; but a levy upon land has no such effect or operation. No title vests in the sheriff, as in case of personal estate, but he sells the defendant's title under a power derived from the judgment and execution, and the sale alone is not sufficient to divest the title; but there must be a formal deed executed according to the statute, before the sale is complete.

It is, therefore, manifest that there was no such presumption of a satisfaction of the judgment, shown on the face of the writ, as authorized the court below to sustain the demurrer. The question of satisfaction, to say the most for it, was merely one of possibility, and should have been shown by the plea, and established by the evidence of the defendants. A failure, however, to make this defence to the *scire facias,* will not prejudice their right to make it hereafter, if the fact exist. The

judgment can only be revived in the name of the trustee, who by law is to represent the bank, and is, therefore, bound in law to enter such credits as were binding upon the corporation before the judgment of forfeiture. The trustee enters the record at the point where the corporation left it, and can only collect so much as the bank was entitled to, if no judgment of forfeiture had been pronounced.

Judgment reversed, and cause remanded.