CASE 80—PETITION ORDINARY—FEBRUARY 2.

# Blackerby v. Continental Ins. Co.

APPEAL FROM HENRY CIRCUIT COURT.

1. THE CONDITION IN A POLICY OF INSURANCE that the company shall not be liable for any loss or damage under the policy, if default shall have been made in the payment of any installment of premium due by the terms of any installment note, is valid, although by the terms of the contract the premium notes of the insured remain binding upon him.

2. PAROL TESTIMONY TO VARY WRITING—PLACE OF PAYMENT OF PREMIUM.—The rule that parol testimony is inadmissible to vary or contradict the terms of a written contract does not apply where the original contract was verbal and entire, and only a *part* of it has been reduced to writing.

Where neither the policy of insurance nor the obligation of the insured fixes a place for the payment of the premium, or names the person to whom it must be paid, parol evidence is competent to show the agreement between the insured and the agent who effected the insurance as to the place of payment.

3. CASE ADJUDGED.—A citizen of this State took out a policy of insurance, through a local agent, with a foreign company having its principal office in New York city, a branch office for the Western Department in Chicago, and a local agent in this State. Both the policy and the premium note of the insured were silent as to where and to whom the premiums were to be paid, but the local agent,

Blackerby v. Continental Ins. Co.

taking the risk, told the insured that he would be notified how and. to whom to make the payments, and that he must not make them in any other way. The obligation of the insured was to pay *by mail* *if requested.* He was never notified to whom to make payments, and was in default when the property burned.

*Held*—That under all the circumstances the insured had the right to believe that the agent had the authority to instruct him as to the manner of paying the premiums, and the company, by its course of business and conduct, having produced such a belief, can not be allowed to claim a forfeiture of the policy because the insured has acted upon it.

CARROLL & BARBOUR and E. J. TYLER for appellant.

1. A provision in a contract of insurance that, on default of payment of any installment of a premium note, the policy shall lapse, and the whole amount of premium be considered as earned, is invalid for want of mutuality. (Montgomery v. Phœnix Mut. Life Ins. Co., 14 Bush, 60.)

2. The rule that parol evidence is not admissible to vary or contradict the terms of a written contract, does not apply when the writing is silent as to certain conditions of the contract, or as to the time or manner of the performance of certain conditions. In such a case, the verbal statements of the person making the contract, or of his agent, may be admitted to show the nature of the omitted condition, or the time and manner of its performance. (Jackson v. Ætna Ins. Co., 16 B. Mon., 259; Johnson v. Southern Mutual Life Ins. Co., 3 Ky. Law Rep., 26.)

STEPHEN D. PARRISH for appellees.

1. Failure to pay one installment of a premium note renders a policy absolutely void, unless revived by written permission of a superintendent of the company. Such a provision in a policy of insurance is valid and binding.

Premiums paid by installment notes do not materially differ from premiums paid by cash in advance, the only difference being in the time of payment. The rights of the parties and the liability of the insured in case of forfeiture are the same in either case. (Williams v. Albany City Ins. Co., 19 Mich., 451, 469; Watrows v. Miss. Valley Ins. Co., 35 Iowa, 582; Muhleman v. Nat. Ins. Co., 6 W. Va., 508, 523; 100 Mass., 500; Beadle v. Chenango Ins. Co., 3 Hill, 161; Gorton v. Dodge Co. Ins. Co., 39 Wis., 121; 7 Hill, 49; Roberts v. New England Ins. Co., 1 Disney, 355; 3 Disney, 106; Wall v. Home Ins. Co., 36 N. Y., 157; J. M. Bailey's Ins. Brief, page 55; 3 Kent's Com. page 341; 8 Johnson, 1; 4 Duer, 141.)

:2. The company is not bound to notify the assured of the time, place and manner of paying each installment. The assured is bound to take notice of them. (Sheppard's Touchstone, page 136; Coke on Littleton, 210 a, ·b; 1 Disney, 335; 2 Disney, 106; Poole v. Tumbridge, 2 Mees. & W., 223; May on Insurance, section 341; Thompson v. Ins. Co., 104 U. S. Rep., page 258; McIntire v. Michigan State Ins. Co., Mich. S. C., Dec. 20, 1883; Mandego v. Centennial Mut. Life Ins. Co., Supreme Ct., Iowa, 1884; Ins. Co. v. Davis, 95 U. S., 425.)

·3. The verbal statements of the agent of an insurance company constitute no part of the original contract, and do not bind the company. Such statements are not admissible to show the nature or ·effect of conditions in regard to which the original contract is ·silent. (Ins. Co. v. Mowry, 96 U. S. Rep., 545; Bigelow on Estoppel, 437, 431; Adler v. Friedman, 16 Cal., 138; Abbott on ·Trial Evidence, page 486; Ill. M. F. Ins. Co. v. O'Neil, 13 Ill., ·89; Ætna Insurance Co. v. Barnes, MS. Op., Ky. Ct. App., Nov. 13, 1874; 8 B. M., 634; Madison Ins. Co. v. Fellows, 1 Disney, 217; May on Insurance, 511; Marvin v. Ins. Co., 85 N. Y., 278; 2 Cromp. & J., 244; Grace, &c., v. Ins. Co., 109 U. S., 281; 1 Greenl. Ev., section 275; Mosely v. Hanford, 10 B. & C., 729; Coombs v. Charter Oak Ins. Co., 65 Maine, 382.)

·4. The assured must inform himself concerning the scope and extent of the authority of the agent with whom he deals. The declarations of the agent are not evidence of his authority. (James v. Starkey, 1 Wash. (1 U. S. C. C.), 330; 40 Mo., 557; 42 Mo, 456; Viele v. Germania Ins. Co., 26 Iowa, ·54; 8 Bush, 133.)

·JOHN D. CARROLL on same side.

·1. Stipulations in regard to the payment of premiums are essential parts of the contract of insurance. and if they are not fulfilled by the insured, no recovery can be had against the company on the policy. (Williams v. Albany City Ins. Co., 19 Mich., 451, 469; Watrows v. Miss. Valley Ins. Co., 35 Iowa, 582; Wall v. Home Ins. Co., 100 Mass., 500; Roberts v. New Eng. Ins. Co., 1 Disney, 355; Grigsby v. St. Louis Mut. Life Ins. Co., 10 Bush, 314.)

·2. Parol evidence can not be admitted to vary or contradict the terms of a written contract, and an insurance company is not bound by the statement of its local agents in regard to the conditions of the policy, nor by his agreement in regard to the terms of the contract. (Galbraith, Adm'r, v. Arlington Mut. Life Ins. Co., 12 Bush, 35; Sands v. Hill, 42 Barb., 451; Rogers v. Atkinson, 1 Georgia, 12; Adler v. Friedman, 16 Cal., 138; 1 Greenl. Ev., section 203; Willey v. Hall, 8 Clark, Iowa, 66.)

:3. The parol agreement of the.agent, independent of the original contract, is not a valid contract, because without consideration.

4. The company is not bound to give notice of the time and place for payment of premiums. (Roberts' v. New Eng. Life Ins. Co., 1 Disney, 355; Sanders v. Merton, 4 Maine, 475; Bain v. Wilson, 1 J. J. Marsh., 202.)

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

The policy of insurance issued by the appellee, the Continental Insurance Company of the city of New York, to the appellant, Samuel J. Blackerby, contains this provision:

. "This company shall not be liable for any loss or damage under this policy, *if default shall have been made in the payment of any installment of premium due by the terms of the installment note.* On payment by the assured or assigns of all installments· or premiums due under this policy, and the installment note given thereon, the liability of this company on this policy shall again attach, provided written consent of the superintendent of the western department be first obtained, and this policy be in force from and after such payment, unless this policy shall be void or inoperative for some other cause. *But this company shall not be liable for any loss happening during the continuance of such default of payment,* nor shall any such suspension of liability under this policy on account of such default have the effect of extending such liability beyond the period of its termination, as originally expressed in writing hereon. It is further provided that no attempt, by law or otherwise, to collect any note given for the cash premium, or any installment or premium due upon any installment note, shall be deemed a waiver of any of the conditions of this

vol. 83.—37

policy, or shall be deemed in any manner to revive this policy; but upon payment by the assured or his assigns of the full amount due upon such note and cost, if any there be, this policy shall thereafter be in full force, unless the same be inoperative or void from some other cause than the non-payment of such note."

The premium or "installment note" which the appellant executed to the company reads thus:

"For value received in policy No. B, 219,992, dated the thirteenth of March, 1879, issued by the Continental Insurance Company, of New York, I promise to pay said company or order (*by mail if requested*) fourteen dollars and forty cents upon the first day of March, 1880, and fourteen dollars and forty cents upon the first day of March, 1881, and fourteen dollars and forty cents on the first day of March, 1882, and fourteen dollars and forty cents on the first day of March, 1883, without interest; and it is hereby agreed that in case of the non-payment of any one of the installments herein named at maturity, the policy for which this note was given shall cease and be void until revived by written permission of the Superintendent of the Western Department, Continental Insurance Company, and the whole amount of installments remaining unpaid on said policy shall be considered as earned."

The company for defense to the appellant's claim for a loss, which occurred on June 8, 1880, rely upon the fact that the installment of premium, which was due on March 1, 1880, had not been

paid when the fire occurred; and that by the failure to pay it the policy became *ipso facto* void.

Upon the other side, it is urged that the company can not now claim that the policy ceased with the non-payment of the premium installment, because it yet holds the obligation for the entire premium; and that unless it surrenders it, it can not ask that the policy be considered as forfeited, because otherwise there would be no mutuality of obligation.

It is well settled, however, that a condition like this one in a policy of insurance is valid; and that in case of a breach of it by the insured, *without a valid excuse*, the obligation of the insurer is at an end, although the premium note of the insured remains binding upon him. The parties have the right to make their own contract, and to fix its terms and conditions; and unless they are illegal or in violation of public policy, they will be upheld. In this instance they could have agreed upon a higher rate of premium; and they had an equal right to agree that the period of time to be covered by the insurance should become shorter upon some contingency, without altering the amount of the premium—especially would this be reasonable and just as to any contingency, which the legal duty of the insured requires him to, and which he can prevent.

Any other rule would require the insurer to carry the risk, although the insured was at the same time violating the contract without excuse; and to require the company to waive its right to the premium, before it could insist upon a release from the

risk, brought about by the failure of the insured to perform his part of a contract executory upon both sides, would establish a rule in favor of the latter resting upon his own default and a violation of his legal duty. If he pays the entire premium in advance, or fails to pay it *ad diem* or at maturity, as he has contracted, the law will not relieve him when the forfeiture of the policy arises from his own neglect.

It is vital to the existence of fire insurance companies, and the interest of both the stockholders and policy-holders, that the patrons should be prompt in the payment of their premiums; and upon the other hand, the insurer should be held to a just performance of the contract; but if the insured, without sufficient excuse, has failed to comply with the conditions which constituted the consideration for the undertaking of the company, his complaint in case of a subsequent loss can not be heard.

If he neglects to pay his note without a valid excuse, it is a violation of his plain duty, and if a subsequent loss occurs, he has no right, upon any legal or equitable principle, to reimbursement. (Wall, &c., v. Home Ins. Co., 36 N. Y., 157; Williams, &c., v. Albany City Ins. Co., 19 Mich., 451; Muhleman v. Nat. Ins. Co., 6 W. Va., 508; Watrous v. Ins. Company, 35 Iowa, 582.)

While, however, the time of payment of a premium is of the essence of a contract of insurance, and while the conditions of a policy, which the courts regard as valid, can not be held to be meaningless, or be avoided, save for a sufficient cause,

yet forfeitures are not regarded with favor. The belief long prevailed that the insurance business could not be carried on without the power to impose the most stringent conditions for delinquency, owing to the fact that prompt payments constitute its very life; and while this is so, yet more liberal views have properly obtained of late, and the contract will be liberally construed as to the insured. We do not mean by this that the law will not uphold a condition in a policy which is not illegal and contrary to public policy, but that a court will seize hold of a reasonable excuse to avoid a forfeiture.

If, for instance, the insured can show some reasonable excuse for non-payment of the premium, based upon the conduct of the insurer, the policy will not be regarded as forfeited. In this instance neither the policy or the obligation of the insured fixed a place for the payment of the premium, or named the person to whom it must be paid. The appellant is a citizen of this State; the appellee is a foreign company, with its principal office, as the policy shows, in New York City, a branch office for the western department in Chicago, Illinois, and a local agent in this State. It is urged that, under these circumstances, the appellant, to avoid a forfeiture of his policy, was bound to know that his note was at the Chicago office, and to make payment there. We see no reason, however, why, from the contract (and the indorsement upon the back of it is no part of it), the insured would not have had a better right to suppose that it must be paid at the New York office.

What, however, was the expectation and intention of the parties to the contract? In view of their situation and the attending circumstances, it is unreasonable to suppose that it was contemplated that the appellant should be compelled, when the appellee had an agent or agents in this State, to go out of it and make his payments in a distant State and hundreds of miles away. Let us see how this would work. A few companies, located in the large cities of this country, control the insurance business. They solicit it in every State of the Union, and conduct it by local agents, who obtain the insurance, make the contracts for it, and receive the premiums. This is now the universal custom. Suppose, contrary to this general practice, that the premiums had to be paid at the home or some distant office, and that no local agents, to whom the premiums could be paid, were accessible. Would not this greatly decrease the number of risks, as well as inconvenience the public? These considerations have induced a course of business upon the part of the insurance companies which authorizes a general belief that the premiums can be paid at home, and that the insurer does not expect payment at the home office.

It is noticeable that in this instance the obligation says:

"I promise to pay said company or order (*by mail if requested*)," etc. Why was the condition inserted that the insured was to pay "*by mail if requested*" by the company, unless it was the understanding and expectation of the parties to the policy, that unless this request was made, the com-

pany would provide some agent in this State who would receive the premiums? It seems to us that a fair construction of the contract requires this interpretation; and as the insurer did not do so, the insured was not in default.

The appellant offered to file an amended petition, and did file a reply, in which he alleged that he was ready to pay the premium, but that the company had not notified him how or to whom to pay it, and that he did not know to whom it should be paid; that the local agent of the appellee, when he delivered the policy to the appellant, and when the latter executed his obligation to the company, and thereafter and before the installment fell due, told him that he would be notified how and to whom to make the payments, and "that he must not make them in any other way."

An objection to the filing of the amended petition and a demurrer to the reply were sustained, and hence their allegations must be taken as true; and we must be understood in what we have above said as assuming the matters therein alleged as facts. It is urged, however, that any evidence of such an agreement with, or notice from the appellee's agent, would not be admissible. The written obligation is, however, silent as to any place of payment; its terms presumptively show that the appellant was not to seek the appellee out of the State to pay his premium, and the agreement with the company's local agent as to payment was made with the one who had effected the insurance with him, and fixed the time and amount of the payments.

It is true parol testimony is inadmissible to vary or contradict the terms of a written contract; but this rule does not apply where the original contract was verbal and entire, and only *a part* of it has been reduced to writing; for instance, it may be shown by parol when a written promise without date was made. The parol evidence, in this instance, of what the agent said to or agreed with the insured as to payment, was competent, because no stipulation of the policy was waived or contradicted by it, and the appellant had the right, under all the circumstances, to believe that the agent had the authority to, and that he had the right to rely upon him to instruct him as to the manner of paying the premiums, and the company, by its course of business and conduct, having produced such a belief, can not be allowed to claim a forfeiture of the policy because the insured has acted upon it.

Judgment reversed, with directions to allow the amended petition to be filed, overrule the demurrer to the reply, and for further proceedings consistent with this opinion.