Bissell, P. J.
The New Zealand Insurance Company which prosecutes this appeal issued a policy to Paul Maaz on a dwelling house, furniture, barn and other personal property situate on some part of section 22, township 4, in Arapahoe county, running for five years, and covering a loss to the amount of $2,050. The premium was not paid at the time the policy was issued, but under an arrangement with the company, Maaz executed a note for $61.50, whereby on the 1st of July, 1892, he promised to pay that sum to the insurance company at their office in Denver on this policy with ten per cent interest. ' Attached to the note and part of it, there was an agreement, that if the note was not paid at maturity, the entire premium should be considered as earned and the policy should be null and void so long as the note remained past due and unpaid. There was a further provision that in case of a loss before the maturity of the note, the note should be deducted and in no event *494 should the paper be negotiable. The note and policy were mutually delivered and the insurance transaction thereby closed. The note was not paid at maturity and according to the evidence given by Maaz still remains unpaid. After the policy was delivered Maaz procured a loan on the property through one Cooper of Mrs. Collins who is a nonresident. According to the conditions of that loan, the property was to be insured for the benefit of the mortgagee or the cestui que trust in the trust deed and Maaz attempted to comply with the condition of the loan, and attempted through Cooper to pay this note. The loan was made and out of money received in an effort to carry out his agreement with Mrs. Collins to keep the property insured for her benefit, he gave Cooper $66.00, which Cooper ascertained was the amount due on the New Zealand Company’s note, with directions to Cooper to pay that note and thus secure the insurance for the benefit of Mrs. Collins. Of course so far as the payment was concerned Cooper was Maaz’s agent to apply the money to the liquidation'of the paper. Whatever may have been his relations to Mrs. Collins in the negotiation of the loan, she had nothing whatever to do with this transaction, and he only represented Maaz and was responsible to him only for the proper application of the money. His failure to pay the note must be taken as Maaz’s failure, and he can claim no benefit from the act „of delivering the money to Cooper for the purpose, when Cooper failed to apply it as directed. It was a misfortune that Cooper did not discharge his duty and carry out his contract. At all events Cooper took the money but did not pay the note or procure a transfer of the insurance as directed, but took out other policies for which he probably paid a less sum'than the amount of money which Maaz had given him. He reaped a benefit but wrought an injury to Maaz. Things ran along until September, 1893, when the insurance company brought suit against Maaz on the paper. Summons therein was served under the code by delivering a copy of the process to Mrs. Maaz, Paul’s wife, at their usual place of residence in Arapahoe county. The suit went to judgment *495 and execution was issued and a certificate of levy on real estate under the statute was filed, which recited a levy on all the right, title and interest of Maaz in section 22, township 4. This was all that was ever done under the execution or in the suit. This statement exhibits the entire transaction with reference to the note and all proceedings with reference to its enforcement. The levy was made in November, 1893. Matters remained in statu quo until the 26th of March, 1896, some eight months before the expiration of the five year term, when a fire occurred and the house and its contents were destroyed. Thereupon Maaz made proof of loss and demanded payment of the policy which the company refused. He brought suit on the policy in May, 1896. The company defended on various grounds, but the only one which we shall consider or regard is the defense setting up this note and its terms and conditions, coupled with the allegations that the note was not paid at maturity, or at all, whereby the policy became null and void and the plaintiff was left without the right to recover. To avoid this very palpable defense Maaz replied setting up the suit on the note, the recovery of judgment and the issue and levy of the execution. The case went to trial, the policy was produced, the loss established, the summons, complaint and execution were offered and received in evidence. There was evidence tending to show, because it was given by Maaz himself, that the note had never been paid and that the judgment was unsatisfied. He testified that he had never paid it, although he did not directly say the judgment was not paid, evidently having been advised that there was a legal proposition respecting the force and effect of this judgment and execution.
A number of questions have been presented by counsel in their briefs and the appellant relies on other matters as well as what we have cited, especially those respecting other insurance for the purpose of a defense to the suit. Since we reach the conclusion that the action is necessarily defeated by the failure to pay the note at maturity or at any time thereafter, we shall decide only this question, reverse the judgment *496 on that ground and leave the other matters undisposed of since they are not necessary to the determination of the controversy. Counsel for the appellant insists the parties are bound by the contract which they have made, providing it be one into which they had a right to enter. Of this there can be no question and it has been universally held by the authorities to which our attention has been directed, and counsel for the appellee cite none to the contrary, that contracts of this description are entirely valid and the rights of the parties must be measured and determined by the terms of their agreement regardless of any consideration of severity, it being only a question as between them whether they have thus agreed, and if so, whether they have carried out the agreement. This fact being determined the contract is to be construed solely according to its terms and unless there has been performance there can be no recovery. Bradley v. Potomac Ins. Co., 32 Md. 108; Garlick v. Ins. Co., 44 Ia. 553; Phenix Ins. Co. v. Bachelder, 32 Neb. 490; Jeliffe v. Madison Mutual Ins. Co., 39 Wis. 111; Gorton v. The Dodge County Mutual Ins. Co., 39 Wis. 121; Williams v. Albany City Ins. Co., 19 Mich. 451; Carlock v. Phenix Ins. Co., 138 Ill. 210; Blackerby v. Continental Ins. Co., 83 Ky. 574; Ostrander on Fire Insurance (2d ed.), § 91.
These cases all concur in holding such a contract entirely valid, the policy void and unenforceable in cáse of nonpayment. It therefore follows no right of action accrued to Maaz when the property was destroyed in March, 1896, because neither at that date nor at any time prior had he paid the note or the judgment which the company had procured thereon. Not having paid his premium within the life of the paper and before its maturity, or at any time before the-loss occurred, the obligation of the company to pay did not arise, or if it arose and continued during the life of the note, it became null when it matured and remained unpaid at the time of the loss. Maaz, therefore, cannot recover on this policy unless what the record contains with reference to the proceedings in the action on the note amounted to a payment, *497 or takes the case out of the operation of this general principle. We are quite of the opinion that neither is true. The suit on the note did not waive the right to insist on the forfeiture of the policy and whatever may have been Maaz’s rights with respect to the ultimate payment of the judgment or the ultimate payment of the paper before the loss occurred, having done neither, he was remediless in the premises unless the levy of the execution amounted to a payment. This is the proposition on which counsel for appellee insist, but with respect to it we think they are entirely wrong. They have invoked a principle which was very early established in the history of the common law, that wherever after judgment execution is issued and levied on personal property, the plaintiff in the execution may not thereafter maintain debt on the judgment or apply for an alias writ and further proceed with the enforcement of his original judgment. It is then open to the defendant to plead in bar the fact of the original levy which would defeat the action of debt on the judgment or preclude any proceedings to obtain a further writ. In some of the early cases may be found many statements that a levy operates as a satisfaction. This seems not to have been ever directly decided, although there are many expressions found in the cases perhaps as broad as that and without the limitation which has been put on the doctrine when the question has come up for final consideration. As expressed in the very strong case cited for appellee, 23 Wendell, infra, it is only a satisfaction sub modo. It may never amount to an absolute payment, nor is it true, nor has it ever been the law that a levy on personal property could be pleaded in bar even in an action of debt on the judgment, unless therein it appears that a levy was made on property sufficient to satisfy it, and even in that case it was always open to replication and to proof to show that the levy had been lost, the property returned to the defendant in the execution or taken from the sheriff by other superior liens. All of which tends to show that there is nothing in the levy itself which operates as an absolute satisfaction of the judgment, but that as *498 a prerequisite to the maintenance of that plea, it must appear there was a levy on property of sufficient value to satisfy the claim, that the levy has in no manner been lost by the defendant’s fault, and that therefore and for tins reason the plaintiff must look to the sheriff for the satisfaction of his claim. The cases seem all to agree, that in replying to the plea of satisfaction it is open to the plaintiff to show that the property was returned, that it was not of sufficient -value to satisfy, that it had been taken from his possession by prior and superior liens, or by proof of any fact which would establish the nonsatisfaction of the judgment as a matter of fact under the levy. It would hardly seem necessary to go thorugh the various cases and re-express the reasons on which the rule rests and the distinctions which have been drawn from the facts in different cases. Able judges have expended much labor and learning in the elucidation of the rule, and the cases which are cited fully establish what it is and the limitation which the authorities have placed on it. To whatever extent that rule may go, and whether or not any of the exceptions are well founded seems hardly relevant to the present case. According to the facts of this case the levy was simply a levy on realty by the filing of a certificate under the statute. It has always been adjudged that a levy on real estate is never a satisfaction of the judgment. It is totally unlike a levy on personal property because the defendant’s possession is not disturbed; he still remains in the full control of it, receives its rents and profits, and having been and being in no wise disturbed or harmed, the levy is not taken constructively as a satisfaction of the claim. The authorities therefore hold where the levy has been made on real property even in an action of debt on the judgment, a plea of the levy is no defense, and the party may maintain his suit, or may have other relief or the issue of other writs if otherwise he makes a case for the purpose. The levy did not operate either presumptively, constructively or otherwise as a satisfaction of the judgment, and it may not therefore be taken as a payment of the debt or a payment of the judg *499 ment whereby Maaz’s rights under the policy of insurance revived as against the insurance company. Shepard v. Rowe, 14 Wend. 260; Taylor v. Ranney, 4 Hill, 619; Lytle v. Mehaffy, 8 Watts, 267; Banks v. Winger et al., 1 Rawle, 295; Smith v. Walker, 10 Smede & Marshall, 584; Peal v. Bolton, 24 Miss. 630; Trapnall v. Richardson, 13 Ark. 543; Spafford v. Beach, 2 Douglass, 149; Farmers & Mechanics’ Bank v. Kingsley, 2 Douglass, 378; Green v. Burke, 23 Wend. 489.
We do not enter the disputed territory whether an ultimate payment of the note or a payment of the judgment at any time prior to the loss and before the expiration of the term of the policy would revive it and make it a binding and valid obligation enforceable against the insurance company. Some cases so hold, others seem to intimate the contrary, but since it is unimportant to the determination of the exact point which we decide, we leave it unconsidered.
We do hold, however, that the contract contained in the note was a valid and binding agreement. That it was incumbent on Maaz to pay his note or to pay the judgment in order to revive the policy and make it an enforceable obligation. Since he did neither and the levy of the execution on real estate is insufficient to operate in any wise as a satisfaction, it necessarily follows the company was released from its obligation, the agreement of insurance was null and void, and Maaz had no cause of action. The instructions of the court were entirely opposed to this theory and were erroneous. We do not deem it necessary to go through the record and review them, nor to determine the effect of the other insurance, nor to dispose of any of the other collateral questions presented. What we have decided disposes of the case. Maaz has no claim. Since the suit is thus radically and fully disposed of we see no occasion to extend the opinion by a consideration of the other questions.
As we hold that Maaz can never obtain judgment or maintain suit against the company, we see no reason to reverse the case and send it back for a new trial, but exercising our *500 authority under the statute deem it best to set aside the judgment and order judgment final entered in this court against Maaz and for costs. The judgment is therefore reversed and set aside and judgment final ordered in accordance with this opinion in this court.

Reversed.