## The Eastern Granite Roofing Co. v. Princeton Storage Co.

(Decided October 28, 1910.)

### Appeal from Caldwell Circuit Court.

Guaranty—Sale of Roofing—Action for Damages—Question for Jury.
—In an action to recover $639.08, the price of roofing to cover a tobacco barn stored with tobacco, which was guaranteed to last as a perfect roofing for five years, and which had leaked and spoiled the tobacco, for which damages was claimed, which guaranty was denied, Held the evidence abundantly shows that appellant's agent who made the sale gave a verbal guaranty that it would last for five years, and the trial court was authorized to submit to the jury the question as to whether or not the guaranty was given  and broken.

HODGE & HODGE for appellant.

No brief for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE BARKER—
Affirming.

The appellant, a New York  corporation, instituted this action against the appellee, a Kentucky corporation, to recover six hundred and thirty-nine dollars and eight cents, being the price of a lot of  patent  roofing  and other materials connected therewith, sold and delivered by appellant to it for the purpose of roofing a large to-

bacco warehouse it was operating in Princeton, Kentucky. Appellee admitted the sale, delivery and purchase price of the goods, but alleged that the material had been warranted suitable for roofing purposes and guaranteed at the time of the sale to last as a perfect roofing for the term of five years. A second paragraph of the answer set up a counterclaim for damages to tobacco stored in the warehouse and which had been leaked upon and injured by reason of the worthlessness of the roofing material sold by appellant to appellee, and a judgment was prayed on the counterclaim for the amount of the damages alleged. The reply placed in issue all of the material affirmative allegations of the answer, and pleaded in addition that the order for the roofing was in writing and contained no guaranty · as alleged by the appellee, but, on the contrary, contained a stipulation that all conditions of the contract were required to be in writing, and no verbal contract would be enforced or recognized. A rejoinder alleged that the intention of the parties had been that the contract was to contain the verbal guaranty, but that it was omitted by mistake of the writer. The allegations of this rejoinder were controverted of record, thus completing the issues. The trial resulted in a verdict in favor of the defendant on the counterclaim of four hundred and ninety-seven dollars and forty-two cents.

We think the evidence abundantly shows that appellant's agent, who made the sale of the roofing, gave a verbal guaranty that it would last five years and that it was a perfect roofing. Appellee had just built its warehouse at Princeton and had contracts to store a large quantity of tobacco that had been raised in the vicinity. It was contemplating a metal or shingle roof, at which time the agent of the appellant company appeared upon the ground and recommended the patent roofing manufactured and sold by his company. He was informed by the officers of the appellee company that they knew nothing about his roofing, and they stated to him the purposes for which it was to be used if purchased. They made it plain that they could not afford to, and would not under any circumstances, purchase indifferent or inefficient roofing material; and in order to make the sale the agent agreed with them that his company would guarantee the material to be efficient for the purpose for which it was to be used, and that it would last five

years, or rather, at the end of five years, it would still be a good roof.

For appellant, it is contended that the roofing material was efficient and suitable for the purpose to which it was applied, but that the appellee's agents, who put the material on the building, failed to follow the written directions sent with the material, and ' their bungling work caused the leaks which injured the tobacco. It may be conceded that there was evidence which, if true, substantiates this contention; but, on the other hand, the evidence for appellee, if true, establishes the fact that the material was practically worthless; that it was put on in substantial compliance with the directions furnished by appellant, and the tobacco was injured by reason of the inherent worthlessness of the roofing material. This was a question for the jury to decide, and we are not able or willing to say that they erred in the conclusion they reached in regard to the matter.

The main complaint, however, is that the court submitted the question of the guaranty of the material, because there was no evidence that it was omitted from the order by mistake. We do not think the contention of appellant as to this is sound.

There is nothing contradictory between the oral guaranty and the written order for the goods. The order on its face merely requests appellant to forward a stipulated quantity of material at a given price, and is signed by the managing officer of the appellee company. This order does not purport to be the whole contract of the parties, and there is, as said before, nothing inconsistent between its terms and the guaranty alleged and proved by appellee. On this subject, in the case of Blackerby v. Continental Insurance Co., 83 Ky. 574, we said:

"It is true parol testimony is inadmissible to vary or contradict the terms of a written contract; but this rule does not apply where the original contract was verbal and entire, and only a part of it has been reduced to writing; for instance, it may be shown by parol when a written promise without date was made. The parol evidence, in this instance, of what the agent said to or agreed with the insured as to payment, was competent because no stipulation of the policy was waived or contradicted by it, and the appellant had the right, under all the circumstances, to believe that the agent had the authority to, and that he had the right to rely upon him to instruct him as to the manner of paying the premiums,

and the company, by its course of business and conduct having produced such a belief, cannot be allowed to claim a forfeiture of the policy because the insured has acted upon it.''

We think the court was authorized to submit to the jury the question as to whether or not the guaranty, as claimed by appellee, was given and broken.

The questions of law arising out of the evidence were fairly submitted by the court, and certainly the appellant has nothing to complain of in them, if the jury had a right to consider the question of guaranty at all.

Judgment affirmed.