GEORGE CRITES, APPELLEE, v. CAPITAL FIRE INSURANCE COMPANY, APPELLANT.

FILED SEPTEMBER 28, 1912. No. 16,728.

1. Insurance: ACTION: DEFENSES: BURDEN OF PROOF. Where an insurance company relies as a defense upon false representations made in answers to questions in an application for insurance, it has the burden to plead and prove that the answers were made as written in the application.

2. ———: PAYMENT OF PREMIUMS: DEFAULT: EVIDENCE. An insurance contract provided in substance that, if default be made in payment of the note given for the premium, the insurance should cease. The note was made payable at the office of defendant company in Lincoln. Prior to its maturity it was sent to a bank

at Bloomington for collection. The maker went to the bank at its customary hour for opening on the day of maturity prepared to pay the note, and waited for nearly half an hour; no one appearing, he went to his work. The property was burned between 10 and 11 o'clock that night. *Held*, That having used due diligence in attempting to pay the note at the place selected by the insurance company, and the day not having expired when the property burned, the liability of the insurance company upon the policy continued in force.

APPEAL from the district court for Franklin county: HARRY S. DUNGAN, JUDGE. *Affirmed*.

*George W. Berge*, for appellant.

*W. C. Dorsey, contra.*

LETTON, J.

This is an action to recover upon a policy of insurance for the loss by fire of a threshing-machine outfit. Plaintiff recovered, and defendant appeals.

The defenses relied upon are false representations with regard to the age of the threshing machine, and failure to pay the note given for the premium when due. The policy provided that, in case "any part of the premium on this policy shall not be fully paid when due, this policy shall be void." And the premium note recited: "It is hereby agreed that the company shall not be liable for any loss or damage that may occur to the property insured while this note or any part thereof shall be overdue and unpaid." The promissory note was made payable at the office of defendant company in the city of Lincoln. It was sent for collection to the Republican Valley Bank at Bloomington, Nebraska. A few days before its maturity Mr. Crites was told by the cashier that that bank held it for collection. It is shown that the customary banking hours in Bloomington at that time of the year are from 8 o'clock in the morning until 5 o'clock in the afternoon. The evidence tends to prove that on September 1, the day of maturity, Mr. Crites went to the bank a few minutes before 8 o'clock

with the money to pay the note, and remained there waiting for the bank to open until nearly half past eight, when he was compelled to leave in order to complete a job of threshing. The machine burned between 10 and 11 o'clock that night. He paid the note the next morning. The cashier of the bank testified that he usually opened the bank at 8 o'clock, and that on account of that being the first day of the month, and of the fact that he intended to leave town that evening, his opinion is that he probably was there at 8 o'clock, but he practically admits that he has no distinct recollection of the day, and that he might have been late. Defendant waived payment at the proper place by sending the note to Bloomington before it was due. It made no demand or presentment for payment on that day, either at its office in Lincoln where the note was payable, or in person on the maker. The memorandum written at one end of the paper on which the note is printed—"Send note for collection to Republican Valley Bank, Bloomington"—cannot alter the legal effect of the instrument itself, more especially when it is not established that this was on the paper when signed. Moreover, the note not being payable at a bank, the whole day was available in which to make payment. *Hipp v. Fidelity Mutual Life Ins. Co.*, 128 Ga. 491; 7 Cyc. 842. Plaintiff used reasonable diligence in endeavoring to pay the note on the day it was due, and, the fire having occurred before the day ended and before presentment, the policy was still in force. *Blackerby v. Continental Ins. Co.*, 83 Ky. 574.

The answer pleads: "That on the 1st day of July, 1908, the plaintiff herein made a statement in writing to the defendant company, in which he represented that, the threshing machine he wished the defendant company to insure, he himself had purchased three years before said application was signed, and was, as a matter of fact, only three years old;" and further sets forth, "that as a matter of fact said threshing machine was not three years old, and that as a matter of fact said threshing machine was not new when plaintiff purchased the same, but, in truth and

in fact, the plaintiff purchased the same as a second-hand machine, and said machine at the time plaintiff signed said application and when this defendant issued said policy was more than seven years old, and the same was purchased by the plaintiff as a second-hand machine, and when it was already old and worn-out; that as a matter of fact said machine was not of the value or condition represented by the plaintiff, but as a threshing machine was old and worthless." The application contains the following questions and answers: "When did you purchase the above described property? June, 1906. Was it new when purchased by you? Yes." The agent who wrote the application did not testify. Plaintiff denies making the answers as written, and testifies that he was only asked by the agent how long he had run the machine. Moreover, there is no proof in the record that plaintiff had any knowledge that the company would not insure machines used more than a certain number of years, so the materiality of this question and answer as a representation is perhaps questionable.

It is a question of fact for the jury, and in this case, since a jury was waived, it was for the trial court, to determine whether false representations were made in order to induce the insurance company to enter into the insurance contract. We have held that the burden is on an insurance company both as to pleading and as to proof to establish that written answers made to questions in an application for insurance were made as written. *Ætna Ins. Co. v. Simmons*, 49 Neb. 811; *Kettenbach v. Omaha Life Ass'n*, 49 Neb. 842. See, also, *Fidelity Mutual Fire Ins. Co. v. Lowe*, 4 Neb. (Unof.) 159, and cases cited. This issue was determined against the defendant by the trial court, and the evidence supports the finding. Under the failure of proof on the part of defendant on this point, the question as to whether the amendment to the reply was properly made is of no moment.

The third assignment of error is that the court erred in excluding evidence material to defendant's case. The

questions objected to were propounded to the secretary of the defendant company, and had reference to the rules of the company as to the amount of insurance upon a machine being determined by the number of years it had been used, and whether the company could have insured the machine if it had been five years old. There is no proof that the plaintiff had any knowledge as to these limitations or rules, and hence this evidence was not material or relevant.

We find no prejudicial error in the record. The evidence sustains the judgment of the trial court, which is, therefore,

AFFIRMED.